### J. PICKERELL v. JOE IRBY ET AL.

#### Decided January 29, 1910.

**Taxing Costs—Statute Construed.**

Under the provisions of article 1438, Rev. Stats., the trial court may for good cause, to be stated on the record, adjudge the costs of the case against the successful party. What constitutes good cause is left largely to the discretion of the trial court. The action of the court in so adjudging the costs upheld in a case where the plaintiff's own carelessness and dereliction of duty necessitated the issuance and perpetuation of a writ of injunction against opening a public road.

Appeal from the District Court of Haskell County. Tried below before Hon. C. C. Higgins.

*W. C. Jackson,* for appellant.

*H. G. McConnell* and *Gordon B. McGuire,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an injunction suit brought by appellant against the members of the Commissioners' Court of Haskell County and the road overseer, to enjoin the opening up of a public road along the south line of his land. The temporary writ was granted, and on final trial was made perpetual, but the court before whom the case was tried at the same time rendered judgment against the plaintiff for the costs of the case. No reasons were stated by the court for awarding the costs as he did in the original judgment, but, upon overruling the plaintiff's motion to retax costs, he did state such reasons, and they are incorporated in his judgment, and the sufficiency of such grounds is the question which we are to determine on this appeal.

The order overruling appellant's motion to retax costs is as follows: "On this day came on to be heard the motion of the plaintiff, J. Pickerell, to retax the costs in the above-entitled and numbered cause and tax them against the defendants, and the parties appeared by their attorneys and announced ready for trial upon said motion, and the court, after having heard said motion and the argument of counsel thereon, is of the opinion, and finds the facts to be, that the plaintiff in this suit has sued out this writ for the purpose and with the intent to delay the promotion of a public enterprise, to wit, the establishment of a public road on which he may and must travel to get away from his own house, and a road upon which he had been appointed as a juryman on the jury of view, and acted until the report was made and signed by the other members, but the plaintiff would not sign for the sole reason that said jury allowed him only $22.50 instead of $125, as claimed by him.

"The court further finds that the injunction was perpetuated on the grounds that the road was not properly located so as to be identified on the ground with that degree of certainty prescribed by law, and that the plaintiff was as much to blame for the failure of the report to correctly locate the land upon which the road should run as the others, in that he made his claim for damages to a section of land not touched by the road, and was present when the road was run out, and participated therein, and that by reason of his claiming damages on the wrong piece of land the other jurors were misled as to the section from which the road took a narrow strip, and therefore the court finds that this is good cause for assessing the costs against the plaintiff.

"It is therefore ordered by the court that the motion of the plaintiff be and the same is hereby in all things overruled."

The general rule provided by statute (Sayles' Texas Civil Statutes, article 1425) is that the successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law. But this is subject to the qualification prescribed in article 1438, that the court may, for good cause, to be stated on the record, adjudge the costs otherwise. What this good cause is or may be in a given case necessarily is left largely to the discretion of the trial court, and the appellate court would not be at liberty to set aside its judgment unless the same was a clear abuse of such discretion. See Texas & Pacific Railway Company v. Wheeler, 99 Texas, 428; Missouri, Kansas & Texas Railway Co. of Texas v. Milliron, 53 Texas Civ. App., 325 [115 S. W., 655]; Morrow v. Terrell, 21 Texas Civ. App., 28 [50 S. W., 734]. We can not hold as matter of law that the trial court abused his discretion in holding that the appellant should be taxed with the costs where his own carelessness and dereliction of duty necessitated the perpetuation of his writ of injunction. The judgment is therefore affirmed.

*Affirmed.*