**STERLING et al. v. DARROUZET et al.**[*]
(No. 8761.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 9, 1926. Rehearing Denied
Feb. 25, 1926.)

1. **Wills ⬳405—In action to set aside probate of will, judgment against defendant executrix for certain costs held valid, though previous part of judgment provided that defendants recover all costs from plaintiff.**

In action to set aside probate of will, in which two guardians ad litem of beneficiaries under disability joined as plaintiffs, judgment for the fees of these guardians entered against defendant executrix, who was also residuary beneficiary, as executrix and individually, *held* valid, though a previous part of the judgment provided that the defendants recover all costs from the plaintiff.

2. **Wills ⬳405—Where guardians, contesting will after successful appeal from adverse decree, were discharged on petition of wards on removal of disability, and the will, giving executrix, who was also residuary beneficiary, power to dispose of estate without accounting, was admitted to probate, held it was within court's discretion to tax fees of guardians against executrix, as such and individually (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1942, 2048).**

Where two guardians ad litem of beneficiaries under disability, joined as plaintiffs, prosecuted appeal from a judgment admitting will to probate, secured remand for new trial, and were discharged on petition of their wards, who had become free from disability, and the former wards withdrew the contest, and will, giving the executrix, who was also residuary beneficiary, full power to dispose of the entire estate without bond and without accounting to any one, was admitted to probate, it was within the court's discretion to tax the fees of the guardians ad litem against the executrix, as such and individually, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1942, 2048, as the estate was perhaps placed beyond reach of either ward, which might render them insolvent so that the guardians' fees could be collected from them.

3. **Wills ⬳405—Judgment against prevailing executrix for fees of two guardians who had contested the will held not erroneous, even if good reason for taxation against prevailing party did not appear in record (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1942, 2048).**

Judgment against prevailing executrix, who was also residuary beneficiary, as executrix and individually, for fees of two guardians ad litem for beneficiary under disability, who had contested the will, *held* not erroneous, even if good reason for taxing the fees against the prevailing party did not appear in the record, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1942, 2048.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Suit to set aside probate of will by Isadore Kopperl against Nana Sterling, Moritz Kopperl, Herman Kopperl, and others. Moritz Kopperl and Herman Kopperl, by their guardians ad litem, joined in plaintiff's demand. Plaintiff conveyed his interest to Nana Sterling and moved to dismiss the suit. The guardians ad litem for Moritz Kopperl and Herman Kopperl were discharged and these defendants withdrew their answers and joined in the application for probate of the will. From so much of the judgment admitting the will to probate as taxed the fees of John L. Darrouzet and another, guardians ad litem, against Nana Sterling, individually and as independent executrix of the will, she appeals. Affirmed.

Frank S. Anderson, of Galveston, for appellants.

John L. Darrouzet, Marsene Johnson, Jr., Elmo Johnson, and Roy Johnson, all of Galveston, for appellees.

LANE, J. This cause originated in the county court of Galveston county, sitting in probate, upon a petition filed in said court by Isadore Kopperl, praying that the theretofore probate of the will of Herman Kopperl, deceased, be set aside, and that said will be held to be null and void. The parties made defendants were Mrs. Nana Sterling, formerly the wife of Herman Kopperl, deceased, and now the wife of J. J. Sterling, individually and as a devisee under the will of her deceased husband, Herman Kopperl, and as independent executrix under his will, J. J. Sterling, her husband, and others whom it is unnecessary to mention. Herman Kopperl and Moritz Kopperl, devisees under said will, were made plaintiffs at the request of their guardians ad litem.

The defendant Herman Kopperl was, at the time suit was filed, a minor without a legal guardian, and Moritz Kopperl was alleged to be a person of unsound mind, without a legal guardian.

In this cause appellees Roy Johnson and John L. Darrouzet were by the court appointed guardians ad litem of Herman and Moritz Kopperl, respectively. Said guardians, by their answers, joined the plaintiff in his prayer for the setting aside of the probate of said will.

Upon hearing the probate court rendered judgment setting aside the probate of the will and refusing to permit it to probate, from which judgment Nana Sterling appealed to the district court.

Upon trial in the district court judgment was rendered admitting the will to probate. Isadore Kopperl and Herman Kopperl and Moritz Kopperl, by their guardians, appealed from such judgment to this court, and upon hearing this court (241 S. W. 553) reversed the judgment and remanded the cause for further hearing.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[*]Writ of error dismissed for want of jurisdiction April 14, 1926.

After the reversal and remanding the cause, and while the same was pending in the district court, Herman Kopperl became over 19 years of age, and his disabilities as a minor were by the proper court removed, and upon his request Roy Johnson, his guardian ad litem, was discharged from further service as such guardian, and John L. Darrouzet, upon request therefor, was also discharged as guardian ad litem for Moritz Kopperl, upon a showing that Moritz had been restored to sanity.

The will of Herman Kopperl sought to be probated, among other things, bequeathed to the minor, Herman Kopperl, the sum of $10,-000 to be paid out of the estate of the testator, and also his shotgun. It bequeathed to Isadore, Moritz, and Herman, the three sons of the testator, all of his personal effects and trinkets, to be divided equally between them, and to his wife, Nana Kopperl, appellant, it gave all the residue of his estate. Nana Kopperl was named a sole independent executrix of the estate, with power to sell, convey, or otherwise dispose of the same, or any part thereof, without bond.

The inventory of the property belonging to the estate of Herman Kopperl, deceased, showed that his separate estate was valued at $15,000, and that the community estate of him and his wife, Nana, was valued at $15,000.

After the judgment of the district court admitting the will to probate was reversed, and the cause remanded, the plaintiff Isadore Kopperl, for and in consideration of $100 cash paid to him by appellant, Mrs. Nana Sterling, and the payment of a debt of $100 owing by him, conveyed all interest he had in the estate of Herman Kopperl, deceased, to Mrs. Sterling, and thereafter filed in court a motion to dismiss the suit, reciting such conveyance.

After the removal of the disabilities of Herman and Moritz Kopperl both of them withdrew the answers filed in their behalf by their respective guardians, whereby they were made joint contestants of the will of their father with the plaintiff Isadore, and in lieu thereof filed answers joining the defendant Mrs. Nana Sterling in her application to probate the will.

It is difficult to fully understand, if at all, the judgment finally rendered in all its parts, especially as to the date of the rendition of the verdict of the jury. From the recitals therein, however, it is shown that the cause came on for trial on the 3d day of November, 1924, and that all parties appeared and announced ready for trial; that the court instructed, and the jury rendered, a verdict for the defendant Mrs. Nana Sterling; that the will of Herman Kopperl, deceased, was admitted to probate, and then recited that the "defendants shall recover from the plaintiff all costs in the cause expended."

The recitals above shown are as follows:

"And it is further ordered, adjudged, and decreed, that the sum of $250 be allowed John L. Darrouzet, Esq., as a reasonable compensation for his services as guardian ad litem of the defendant Moritz Kopperl, and that the sum of $250 be allowed Roy Johnson, Esq., as a reasonable compensation for his services as guardian ad litem of the defendant Herman Kopperl, and that said sums so allowed are now hereby taxed against the defendant appellant Nana Sterling, individually, and as independent executrix of the estate of Herman B. Kopperl, deceased."

This judgment bears date November 22, 1924. Notwithstanding the judgment recited that the cause came on for trial on the 3d day of November, 1924, 19 days prior to its date, it also awards to Roy Johnson and John L. Darrouzet fees as guardians ad litem upon their application therefor filed on the 22d day of November, 1924.

The record discloses that on the 22d day of November, 1924, Roy Johnson and John L. Darrouzet filed their applications for the allowance of fees as guardians, and that therein they alleged their appointment as guardians ad litem by the court in the suit of Isadore Kopperl against Mrs. Sterling and husband; that they represented their wards in the probate court and recovered; that they represented their wards in the district court upon the appeal to that court by Mrs. Sterling; that upon the rendition of a judgment adverse to their wards by the district court they perfected an appeal to the Court of Civil Appeals; that the Court of Civil Appeals reversed the judgment of the district court and remanded the cause for a new trial; that after such reversal, and while the cause was pending in the district court, and after the disabilities of their wards were removed, the defendant Nana Sterling made a settlement with Isadore Kopperl, the plaintiff in the suit, and received from him a deed conveying to her all of the property involved in the suit, and that said settlement disposed of all of the issues in the case; that they were each entitled to a fee of $250 as such guardians, and they prayed that said fees be allowed.

On the same day the court rendered and caused to be entered a separate decree allowing each of said guardians a fee of $250 as prayed for. Such award was carried into the final judgment, and in such judgment the fees so awarded were taxed against Mrs. Sterling, individually and as independent executrix of the will of Herman Kopperl, deceased. From so much of the judgment as taxed the fees as costs against Mrs. Sterling she has appealed.

Appellant contends that the court erred in taxing the fees allowed to the guardians ad litem as costs against her individually and as independent executrix of the will probated, in that: (1) In the first part of the judgment as entered it appears that all costs were taxed against the plaintiff, that is, Isadore Kop-

perl; (2) that the law directs that all costs shall be taxed against the party cast in the suit, unless the court for good cause shown of record shall otherwise adjudge the same against the prevailing litigant; (3) that no good cause for taxing fees paid said guardians ad litem as costs against her individually or as executrix of the will was in any manner shown; and (4) that if it were shown, such showing was not of record as required by law, in that it is not shown on the minutes of the court.

[1, 2] We overrule all such contentions. It is shown by the will of Herman Kopperl that Mrs. Sterling was made sole executrix of the will without bond and with full power to sell, convey, or otherwise dispose of the entire estate of the testator, or any part thereof. It is shown that by the conveyance of Isadore Kopperl, the plaintiff, of all his interest in said estate, and by his agreement that his suit should be dismissed, Mrs. Sterling was left free to dispose of the entire estate, and thus, perhaps, placed the same beyond the reach of either the minor Herman Kopperl or Moritz Kopperl, which might render them insolvent, so that, had the fees of the guardians been adjudged against them, it could not have been collected upon an execution issued upon the judgment. In other words, the whole of the estate was by the will placed in the exclusive control of Mrs. Sterling, so that she might dispose of the same without accounting to any one.

Upon a request for a finding of facts and conclusions of law the court found and concluded as follows:

### Findings of Fact.

"(1) Roy Johnson and John L. Darrouzet, attorneys at this bar, were duly appointed by the county judge of Galveston· county, Tex., guardians ad litem of the minor Herman Kopperl and the non compos Moritz Kopperl, and as such represented said wards in the probate court, in the district court, and in the Court of Civil Appeals and the Supreme Court.

"(2) By the judgment of the probate court the will involved in this suit was declared void, and the wards of these guardians became entitled to property of greater value than was bequeathed to them in said will. This judgment was however appealed from by the executrix of said will.

"(3) When this cause was reached in the district court of Galveston county, Tex., the trial court sustained certain legal exceptions and pleas, and the guardians appealed from said decision and judgment to the Court of Civil Appeals, which court reversed the trial court, and, upon application to the Supreme Court for a writ of error, the said Supreme Court refused said application.

"(4) After said suit had been reversed and remanded back to the trial court, and while said case was pending on the trial docket of said district court, the ward of the guardian Roy Johnson reached his nineteenth year, and by a decree of said district court his disabilities of minority were removed, and he was made an adult for all purposes, and immediately thereafter said ward moved and prayed the court that his guardian ad litem be discharged and removed, which motion of said ward was by the court granted, and said guardian ad litem, Roy Johnson, was removed and discharged. And at said time, the ward of the guardian ad litem John L. Darrouzet, by written motion, moved and prayed the court to discharge and remove his guardian ad litem, for the reason that said ward was not a non compos mentis, which said motion was by the court granted, and said guardian ad litem, John L. Darrouzet, was removed and discharged.

"(5) That some time thereafter the plaintiff Isadore Kopperl settled and compromised his cause with the defendant Nana Sterling, and requested that his case against said defendant be dismissed, and judgment was thereupon entered in favor of the defendant in said case and the original probate of the will in this case was allowed and permitted.

"(6) That the reasonable compensation for the services rendered by each of the guardians ad litem is $250."

### Conclusions of Law.

"(1) While ordinarily the fees of the guardian ad litem should be charged against the losing party, the court has the right, for good cause shown, to assess the cost against the successful party.

"(2) The action of the wards in moving and praying that their guardians ad litem be removed and discharged, which was granted by the court, and the fact that this case was settled and compromised as between the plaintiff and the defendant Nana Sterling, constitutes, in the opinion of the court, good cause for assessing the fees of the guardians ad litem against the defendant Nana Sterling, personally and as executrix of the estate of Herman Kopperl, deceased."

Article 1942, Vernon's Sayles' Civil Statutes, provides that fees allowed guardians ad litem shall be taxed as a part of the costs of the suit.

By article 2048 it is provided that—

"The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter."

In many cases it has been held that what is good cause for adjudging costs otherwise than provided is not stated in the statutes, and therefore must in a great measure rest in the sound discretion of the trial court. Morrow v. Terrell, 50 S. W. 734, 21 Tex. Civ. App. 28; Cox v. Patten (Tex. Civ. App.) 66 S. W. 64; T. & P. Ry. Co. v. Davis (Tex. Civ. App.) 66 S. W. 598; Pickerell v. Irby, 125 S. W. 332, 59 Tex. Civ. App. 52.

As shown, the fees as costs were adjudged against Mrs. Sterling not only individually but also as independent executrix, and as it is shown by the record that she has control of the entire estate of her deceased husband, with full power to dispose of the same, together with the other facts shown, it was not,

we think, inequitable nor in violation of the statute to require her as such executrix to pay such costs. Such showing, we think, justified the court in taxing the cost as it did.

[3] Coming now to the contention that the showing of good cause for taxing the cost as it was taxed was not stated in the record, we direct attention to the case of Simmons v. Arnim, 220 S. W. at page 68, 110 Tex. 309, 320, wherein Chief Justice Phillips, for the Supreme Court, said:

"The fee of the guardian ad litem was taxable as part of the costs in Chase's suit. Article 1942. But the court was not bound, under the law, to tax it against Chase. The minors were the successful parties in the suit, and article 2035 declares that such parties shall recover of their adversary in the suit all costs incurred in it, 'except where it is or may be otherwise provided by law.' In article 2048 of the same chapter it so 'otherwise provided.' That article declares that 'for good cause, to be stated on the record,' the court may adjudge the costs otherwise than as provided in the preceding articles of the chapter.

"It is therefore plain that the 'law did not absolutely require the court to tax the fee of the guardian ad litem against Chase. For 'good cause,' a matter for the court's decision, the court had, under the law, the authority—the power—to tax it against the minors. As against whom it should be taxed, whether Chase or the minors, was by the statute given to the court's discretion. It being within the court's discretion to tax the fee against the minors according to whether the court deemed there was 'good cause' for such action, it was within the court's power to so tax it.

"The statute directed, if the fee was so taxed, that the cause regarded by the court as sufficient to warrant such award in the judgment, be stated on the record. It does not appear that this was done. But this feature, of the statute was only a direction as to the manner in which the court's power should be exercised. The power was, according to the statute, to be exercised in that way, and should have been. But failure to exercise it in that way did not rob the court of the power. At most, it was but an irregular exercise of the power. It may have rendered the judgment erroneous—voidable. It did not operate to make it void.

"The court was doubtless of the view that under all the circumstances of the case it was inequitable to tax the fee against Chase, but because of the service rendered the minors by the guardian ad litem in quieting their title to the lands involved, it was more just to make it a charge upon the lands themselves. No other view, under the record, is to be imputed to the court in its action. Whether there was fair warrant for this view, whether the court reached the proper conclusion, and therefore whether its judgment in this respect was correct, are all questions wholly beside the true one here. The court had the authority, the power, under the statute to decide the matter and award the fee as it did in the judgment. That forecloses all question as to the validity of the judgment in this respect against collateral attack."

Having reached the conclusion that the court did not abuse the discretion lodged in him by the statute in adjudging the costs complained of against appellant, it becomes our duty to affirm the judgment; and it is so ordered.

Affirmed.