Heather Marie Murphy v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-076-CR

Â Â Â Â Â HEATHER MARIE MURPHY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 99-02-13071-BCCR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Heather Marie Murphy was convicted by the trial court of the offense of forgery. 
See Tex. Pen. Code Ann. Â§ 32.21 (Vernon 1994). Murphyâs punishment was assessed at two
yearsâ confinement in a state jail facility. Murphy has filed a motion to dismiss her appeal. In
relevant portion, Rule 42.2 of the Texas Rules of Appellate Procedure states:
(a) At any time before the appellate courtâs decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk, who must immediately send the duplicate copy to the trial court clerk.

Tex. R. App. P. 42.2(a).
Â Â Â Â Â Â We have not issued a decision in this appeal. The motion is signed by both Murphy and her
attorney. Thus, the motion meets the requirements of the rules and is granted.
Â Â Â Â Â Â Murphyâs appeal is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM


Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed on appellant's motion
Opinion delivered and filed April 28, 1999
Do not publish



e,
224 S.W.3d 182, 185 (Tex.2007) (orig.proceeding); In re Tex. Dept of Family
& Protective Servs., 210 S.W.3d 609, 612 (Tex.2006) (orig.proceeding).Â 
However, if the order being challenged in a mandamus proceeding is void, the
relator need not show that he or she has no adequate remedy by appeal.Â  In
re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (per curiam); In re
Keeling, 227 S.W.3d 391, 395 (Tex. App.ÂWaco 2007, orig. proceeding).

Effect of Recusal Motion

Â Â Â Â Â Â Â Â Â Â Â  Ceole contends among other things that
RespondentÂs stay and restraining order is void because Respondent issued it
while the recusal motion was pending.[2]Â 
This contention is governed by Rule of Civil Procedure 18a(d), which provides
in pertinent part:

Â Â Â Â Â Â Â Â Â Â Â  If the judge declines to recuse
himself, he shall forward to the presiding judge of the administrative judicial
district, in either original form or certified copy, an order of referral, the
motion, and all opposing and concurring statements.Â  Except for good cause
stated in the order in which further action is taken, the judge shall make no
further orders and shall take no further action in the case after filing of the
motion and prior to a hearing on the motion.

Â 

Tex. R. Civ. P. Â 18a(d).

Â Â Â Â Â Â Â Â Â Â Â  Once a recusal motion is filed, a
trial judge generally has two options: (1) recuse himself/herself; or (2)
forward the motion to the presiding judge and request the assignment of another
judge to hear the motion.Â  See id. 18a(c), (d); Tex. GovÂt Code Ann. Â§ 74.059(c)(3) (Vernon 2005); In re
A.R., 236 S.W.3d 460, 477 (Tex. App.ÂDallas 2007, no pet.); In re Norman, 191 S.W.3d 858, 860 (Tex. App.ÂHouston [14th Dist.] 2006, orig. proceeding).Â 
However, the judge may make Âfurther ordersÂ while the recusal motion is
pending Âfor good cause stated in the order.ÂÂ  Tex. R. Civ. P. 18a(d).

Â Â Â Â Â Â Â Â Â Â Â  Our research has disclosed no
decisions providing any extensive analysis or discussion regarding the quantum
of Âgood causeÂ required to be ÂstatedÂ in an order made after the filing of a
recusal motion.Â  Nevertheless, we observe that Rule 18aÂs good-cause requirement
is similar to that of Rule 141, which provides that a trial court Âmay, for
good cause, to be stated on the recordÂ tax costs of court otherwise than
provided by law.Â  Id. 141.Â  As the Supreme Court has explained, Rule 141
requires a trial court to Âstate its reasons Âon the recordÂÂ for taxing costs
against a prevailing party.Â  Roberts v. Williamson, 111 S.W.3d 113, 124
(Tex. 2003).Â  Or as explained by the Dallas Court, a bare finding Âthat good
cause existsÂ is not sufficient.Â  See Dover Elevator Co. v. Servellon,
812 S.W.2d 366, 367 (Tex. App.ÂDallas 1991, no writ).Â  Rather, the trial court
must Âset[ ] out the basis for that finding.ÂÂ  Id.; accord Guerra v.
Perez & Assocs., 885 S.W.2d 531, 533 (Tex. App.ÂEl Paso 1994, no writ).

Â Â Â Â Â Â Â Â Â Â Â  Here, Respondent made the following
statements regarding Âgood causeÂ in the stay and restraining order:

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
ÂThe Court examined the
pleadings and affidavit and finds that Petitioner is entitled to a restraining
order and a stay, based on the clear existence of good cause to grant such
order until the issue or recusal and subsequently, jurisdiction, of this Court
may be decided.Â

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
ÂThe Court finds that there is
good cause to issue this order.Â

Â 

RespondentÂs order does not state any basis for
these good-cause findings.

Â Â Â Â Â Â Â Â Â Â Â  Respondent states in his response to
the mandamus petition that he Âfound good cause to grant extraordinary relief,Â
but he does not state what that good cause is. To the extent RespondentÂs stay
and restraining order refers to JustinÂs application and counselÂs supporting
affidavit as a basis for good cause, the application asserts that good cause
exists because the recusal motion Âwas filed simply to have the matter heard in
Walker County, Texas, prior to this Court being able to have the presiding
judge decide if recusal is proper.Â[3]Â 
However, it is not for a trial judge to decide whether an otherwise proper recusal
motion is groundless, filed in bad faith, or filed for some other improper
purpose.Â  See Johnson v. Pumjani, 56 S.W.3d 670, 672-73 (Tex. App.ÂHouston [14th Dist.] 2001, no pet.); Carson v. McAdams, 908 S.W.2d 228,
228-29 (Tex. App.ÂHouston [1st Dist.] 1993, orig. proceeding) (per curiam).Â  But
cf. In re Union Pac. Res. Co., 969 S.W.2d 427, 428 (Tex. 1998) (orig.
proceeding) (recusal issue Âcan be waived if not raised by proper motionÂ);
In re Marriage of Samford, 173 S.W.3d 887, 890 (Tex. App.ÂTexarkana 2005,
pet. denied) (party who fails to follow Rule 18a waives right to complain of
judgeÂs failure to recuse); Spigener v. Wallis, 80 S.W.3d 174, 180 (Tex.
App.ÂWaco 2002, no pet.) (same).[4]

Â Â Â Â Â Â Â Â Â Â Â  The stay and restraining order
contains only a bare finding of Âgood causeÂ without stating the basis for that
finding.Â  Thus, Respondent abused his discretion by issuing this order while
the recusal motion was pending against him. Â See Carson, 908 S.W.2d at
228-29; see also Riga v. CommÂn for Lawyer Discipline, 227 S.W.3d 795,
797-98 (Tex. App.ÂHouston [1st Dist.] 2007, pet. denied).Â  Because Respondent
issued this order while the recusal motion was pending, the order is void.[5]
Â A.R., 236 S.W.3d at 477; Riga, 227 S.W.3d at 798; Johnson,
56 S.W.3d at 672.

Â Â Â Â Â Â Â Â Â Â Â  Because the order is void, Ceole is
entitled to mandamus relief without showing that she has no adequate remedy by
appeal.Â  Sw. Bell Tel., 35 S.W.3d at 605; Keeling, 227 S.W.3d at
395. Â Therefore, we conditionally
grant the requested writ.Â  The writ will issue only if Respondent fails to
advise this Court in writing within fourteen days after the date of this
opinion that he has vacated the stay and restraining order. 

Â 

FELIPE REYNA

Justice

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray does not join the CourtÂs
opinion or judgment but a separate opinion will not issue.Â  He notes, however,
that the opinion does not fairly recite the good cause asserted in the motion
and the trial courtÂs reliance on that basis for good cause.Â  As stated by the
trial court in his response to the mandamus: ÂIt appears to this Court that Mr.
Bays is attempting to exploit the procedural delay obtained by his Motion to
Recuse, and thereby manipulate these circumstances to his clientÂs advantage.Â)

Petition conditionally
granted

Opinion delivered and
filed April 30, 2008

[OT06]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Respondent declined to recuse
himself and forwarded the recusal motion to the presiding judge for his
administrative judicial region, who assigned another judge to hear the matter
on March 19.Â  See Tex. R. Civ. P.
18a(d).

Â 





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Ceole also contends: (1) the
order is void because it does not satisfy many of the requisites for temporary
restraining orders set forth in Rules of Civil Procedure 680 and 683; (2) the
order is improper because the application was not supported by JustinÂs
affidavit as required by Rule 682 and counselÂs supporting affidavit does not
provide sufficient evidentiary support for issuance of a TRO; (3) because of
her status as a part-time associate judge for Respondent, JustinÂs counsel was
not authorized to seek further relief in the underlying proceeding until the
recusal issue was resolved; (4) Respondent has no authority to enjoin a court
of co-extensive jurisdiction; (5) the stay and restraining order is
impermissibly overbroad; and (6) the order impermissibly grants, in effect,
Âthe ultimate reliefÂ sought by Justin, namely the determination of which court
has jurisdiction to adjudicate the partiesÂ divorce.





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  CounselÂs supporting affidavit
is less helpful, stating, ÂI believe that good cause exists for the court to
grant the requested relief.Â

Â 





[4]
Â Â Â Â Â Â Â Â Â Â Â Â Â  CeoleÂs recusal motion is
arguably procedurally defective because it was filed less than 10 days before
the rescheduled hearing on JustinÂs request for temporary orders.Â  See Tex. R. Civ. P. 18a(a).Â  However, this
10-day requirement is not absolute and does not contemplate the situation (like
that presented in CeoleÂs case) in which a party becomes aware of a basis for
recusal less than 10 days before the trial or hearing is set.Â  See Metzger
v. Sebek, 892 S.W.2d 20, 49 (Tex. App.ÂHouston [1st Dist.] 1994, writ
denied); Martin v. State, 876 S.W.2d 396, 397 (Tex. App.ÂFort Worth 1994,
no pet.).

Â 





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Having found the order void on
this basis, we do not reach CeoleÂs other challenges to the validity of the
order.