GEORGE MORROW ET AL. v. C. S. TERRELL ET AL.

*Decided March 8, 1899.*

**1. Limitations—Pleading.**

Plaintiff who relies upon the suspension of the statutes of limitations as against him, until 'the termination of a life estate, must plead the facts in reply to the defendant's plea of limitations.

**2. Costs Adjudged in Part Against Both Parties.**

What constitutes good cause within Revised Statutes, article 1438, providing that the court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding article, rests in a great measure in the sound discretion of the trial court, and it may spring from a partial recovery by each party against the other.

**3. Assignment of Error—Filing—Briefs.**

Assignments of error insisted on by appellee in his brief can not be considered where the record does not show that they were filed in the district court, and there is no indorsement on appellee's brief showing that a copy thereof had been filed in the district court.

APPEAL from Goliad. Tried below before Hon. JAMES C. WILSON.

*Fly & Hill,* for appellants.

*Samuel B. Dabney,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on the 21st day of December, 1896, by the appellants, George A. Morrow, Ralph H. Morrow, Ed T. Morrow, and Cornelia Garnett, joined by her husband, John A. Garnett, against appellee, C. L. Terrell, in the ordinary form of trespass to try title to recover all, except 320 acres known as the Hall tract, of the upper one-half of the Anthony Sidec league of land, situated in Goliad County, and fronting on the San Antonio River, and for damages.

The appellee, C. L. Terrell, answered by pleading not guilty and the statute of limitations from five to ten years. In reply to appellee's pleas of limitations all of appellants except Mrs. Garnett pleaded minority, and she pleaded coverture.

The appellants prior to the trial filed an affidavit that a certain deed

which purports to have been executed by E. T. Morrow and his wife Rosa to appellee on October 18, 1875, is a forgery.

In order to understand the judgment and the evidence upon which it was rendered, we attach here a sketch of the Sidec survey:

The middle line running back from the San Antonio River divides the survey, and that portion of it save the 320 acres tract west of the line is the land in controversy.

Judgment was rendered for the appellee for the 960-acre subdivision above shown, and for all of the 342-acre subdivision, except one-quarter thereof, for which judgment was rendered for R. H. Morrow, together with $21.85 for rents. Judgment was rendered for appellants for the 306-acre subdivision, as shown by the plat. The judgment apportioned the costs among the several parties.

*Conclusions of Fact.*—The evidence of appellants' title is as follows: (1) A grant to Anthony Sidec on October 27, 1834, to the league of land of which the property in controversy is a part. (2) A deed from Sidec to Rosanna Perry, dated March 31, 1847, conveying one-half of said league, which is described as follows: Lying on north side of San Antonio River, bounded on east side by the Anthony Sidec one-half of said league, on west by McKnight one-fourth of said league,—"both parties abiding by a division line already run, which leaves the river at a point where a bayou joins it." (3) The plaintiffs are brother and sister. R. A. Garnett is Cornelia Garnett's husband. Rosanna Perry, to whom the deed above described was made by Sidec, was plaintiffs' mother. She married E. T. Morrow, Sr., and died December 16, 1875. Her husband died three or four years before the case was tried. E. T. Morrow, Jr., one of plaintiffs, was born April 9, 1867; G. A. Morrow, February 7, 1871; R. A. Morrow, March 4, 1873; Cornelia Garnett, January 29, 1869, and married December 4, 1893.

The evidence of defendant's title is as follows: (1) A deed executed by E. T. Morrow and his wife, Rosa (the mother and father of plaintiffs), on October 18, 1875, conveying the 967 acres tract by metes and bounds shown in the above diagram. This is the deed which appellants claim by their affidavit to be a forgery. The evidence introduced upon the trial

was sufficient to sustain the verdict, which finds that said deed is genuine. (2) The uncontroverted evidence shows that appellees had peaceable and adverse possession of the 342-acre subdivision shown by the above diagram, cultivating, using, and enjoying the same, and paying taxes thereon, and claiming under a deed duly registered for five years prior to the institution of this suit.

There is no evidence that appellee ever claimed the 306-acre subdivision or any part of it.

*Conclusions of Law.*—1. Our conclusion of fact, that the evidence was sufficient to sustain the finding of the jury that the deed from E. T. and Rosa Morrow to appellee is genuine, disposes of appellants' assignment of error which complains of the insufficiency of the evidence to support said verdict.

2. As the uncontroverted evidence fully sustains the appellee's plea of five years limitation to the 342 acres tract, it was not error for the court to instruct the jury to find on that issue for appellee against all appellants except R. A. Morrow, against whom, on account of his minority, the statute had not run for five years when the suit was instituted.

3. If, as is contended by appellants in their third assignment of error, the statute of limitations as to a third of the land did not run against them until the life estate there of E. T. Morrow was terminated by his death, the facts which prevented the running of the statute should have been pleaded by them, and having failed to plead them in replication to appellee's plea of limitation, such facts could not avail them upon the trial.

4. After the costs were apportioned by the judgment between the respective parties, the court entered as of the judgment the following: "Plaintiffs sued for 2214 acres, or one-half league less 320 acres, that is for 1894 acres; they recovered the balance remaining after deducting three tracts as appears in this judgment, which balance amounts to 585 acres. If this is a whole one-half league, and the plaintiff Ralph Morrow has recovered the undivided one-fourth of 342 acres in addition, on the basis of the amounts plaintiff recovered and failed to recover, the costs are apportioned, that is they are taxed with costs in the proportion they respectively failed to recover, and defendant is taxed in the proportion in which he failed to maintain his defense to the whole tract sued for, the court adjudges these facts good cause for the apportionment made." It is provided by article 1425, Revised Statutes, that "the successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law." Article 1438 provides that "the court may for good cause, to be stated on the record, adjudge the costs otherwise that as provided in the preceding article of this chapter. It has been held that in a suit where judgment is in part for one party and in part for another party, the costs may be apportioned. Cannon v. Hemphill, 7 Texas, 184; Payne v. Benham, 16 Texas, 364; Wheatley v. Griffin, 60 Texas, 209. What is "good

cause" for adjudging costs "otherwise than provided," etc., is not stated in the statute, and it must in a great measure rest in the sound discretion of the trial court to say what it is. The trial court having adjudged the facts above recited as good cause for the apportionment of the costs, we are not prepared to say that it abused its discretion, and unless there is manifestly such abuse we do not feel authorized in disturbing its judgment.

5. The four assignments of error which we have disposed of are all that appear in the record. Therefore we can not consider as an assignment of error that which appears in appellants' brief under the head of "additional assignments." The record does not show that the cross-assignments insisted on by appellee in his brief were filed in the District Court, and there is no indorsement on appellee's brief showing that a copy thereof had been filed in the District Court. Therefore such cross-assignments can not be considered. Patterson v. Seeton, 19 Texas Civ. App., 430.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.