Stephanie **ROGERS**, A Minor, Petitioner,

v.

**WALMART STORES, INC.,** et al., Respondents.

No. C–3383.

Supreme Court of Texas.

March 6, 1985.

Rehearing Denied April 10, 1985.

Crouch, Scott & Platt, L. Stuart Platt, Greenville, for petitioner.

Patterson, Lamberty, Kelly & Stanford, Edwin J. Lamberty, Dallas, for respondents.

RAY, Justice.

This appeal arises from a product liability lawsuit brought by the parents of Stephanie Rogers, a minor, against Walmart Stores, Inc. and Baby Togs, Inc. (Walmart). At issue is the trial judge's discretion in taxing costs for good cause against the prevailing party pursuant to Tex.R.Civ.P. 141. The trial court rendered judgment on the merits for Walmart, but assessed it with one-half of the total guardian ad litem fees incurred on behalf of Stephanie. The court of appeals reversed and rendered judgment that the guardian ad litem fees be borne totally by Stephanie and her parents. *Walmart Stores, Inc. v. Rogers,* 675 S.W.2d 313. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Following a three-week trial, the jury found that Walmart was not liable for damages to Stephanie and her parents. Before trial, the court assigned a guardian ad litem for Stephanie to represent her interests throughout the litigation. Based on an hourly charge, the guardian ad litem accrued $16,161.50 in fees. After trial, the court conducted a hearing on a motion for judgment and assessment of costs. Thereupon, the court rendered judgment, which in part required Walmart to pay one-half of the fees owed to the guardian ad litem. In support, the judgment recited that "[Walmart] prolonged the testimony and presentation of evidence of this cause for strate-

gical reasons...." Thus, the trial court found "good cause" to tax one-half of the guardian ad litem fees against Walmart.

■ Under Tex.R.Civ.P. 173, guardian ad litem fees should be "taxed as part of the costs." The basic rule of procedure pertaining to the assessment of costs, Tex. R.Civ.P. 131, provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." A corollary to this rule is Tex.R.Civ.P. 141, which states that "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." Rule 141, then, permits a court to assess costs on the prevailing party for good cause as shown on the face of the record. *Lofton v. Norman,* 508 S.W.2d 915, 922–23 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Morrow v. Terrell,* 21 Tex.Civ.App. 28, 50 S.W. 734, 736 (Tex. Civ.App.1899, writ ref'd).

■ The court of appeals based its reversal on the facts that Walmart did not request the appointment of the guardian ad litem and that Stephanie's parents possessed the financial capability of totally paying the fees. *See Davis v. Henley,* 471 S.W.2d 883, 885 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). Thus, that court held that the facts of this case did not merit a Rule 141 "good cause" assessment of costs on Walmart and that the trial judge abused his discretion by finding otherwise. We disagree. "Good cause" is a very elusive concept which can only be determined on a case-by-case basis. *Morrow v. Terrell,* 50 S.W. at 736. Consequently, in Rule 141 cases, an appellate court should scrutinize the record to determine whether it supports the trial judge's decision to tax the prevailing party with part, or all, of the costs. *Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81, 96 (1942). Unless the record demonstrates an abuse of discretion, the trial judge's assessment of costs for good cause should not be disturbed on appeal.

■ The trial judge in this cause properly considered the manner of Walmart's presentation of its case in determining that Walmart should bear one-half of the guardian ad litem fees. The record on appeal, as presented to the court of appeals by Walmart as the appellant, only includes the statement of facts of the post-trial hearing on the motion for judgment and assessment of costs. Even in that limited record, evidence exists to support the trial judge's "good cause" imposition of costs against Walmart for unnecessarily prolonging the trial. The determination of a trial judge that a particular trial strategy caused an unnecessary increase in costs should not be disturbed on appeal absent an abuse of discretion. *Lofton v. Norman,* 508 S.W.2d at 922–23. We hold that the trial judge did not abuse his discretion in taxing costs against Walmart. Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

GONZALEZ, J., dissents.

GONZALEZ, Justice, dissenting.

I respectfully dissent. Given the adversarial nature of trial proceedings and the variety of strategies and styles of advocacy, we should not penalize a prevailing party that has vigorously prosecuted or defended his case within the parameters of the rules.

Good cause under Tex.R.Civ.P. 141 is such an elusive concept that it is impossible to judge whether a particular trial strategy has caused an unnecessary increase in costs without second guessing trial counsel. There are other remedies, such as contempt of court or a complaint to a disciplinary committee, that are available to a trial judge who wishes to punish an attorney who acts in an improper manner.

I would hold that punitive assessment of costs against a prevailing party that engaged in trial tactics within the rules is an abuse of discretion.