**DOVER ELEVATOR COMPANY,**
**Appellant,**

v.

**Marie Teresa SERVELLON, Individually and On Behalf of the Estate and All Legal Beneficiaries of Adrian Ruiz Garcia, Deceased (Noe Antonio Ruiz Garcia, Gladys Yamilet Ruiz Garcia, Rosibel Ruiz Garcia, Leo Cadio Garcia, Patricia Ruiz), and Pablo Ruiz and Gary Sibley, Guardian Ad Litem, Appellees.**

**No. 05–90–01115–CV.**

**Court of Appeals of Texas, Dallas.**

June 14, 1991.

Jennifer A. Youpa, Steven R. McCown, Dallas, for appellant.

George (Tex) Quwsada, J. Stephen King, Gary W. Sibley, Dallas, for appellees.

Before STEWART, KINKEADE and OVARD, JJ.

## OPINION

OVARD, Justice.

Dover Elevator Company (Dover) appeals that portion of the trial court judgment assessing guardian ad litem fees against it. Maria Teresa Servellon and others brought a wrongful death action against Dover and other defendants. The defendants other than Dover entered into settlement agreements with the plaintiffs. The suit against Dover was tried before a jury. Prior to trial plaintiffs filed a motion requesting appointment of a guardian ad litem to represent the interests of the minor plaintiffs. Gary Sibley was given that appointment. The jury found in favor of Dover and, after a hearing on the matter of costs, the trial court assessed guardian ad litem fees in the amount of $18,900 against Dover. In two points of error, Dover claims that the trial court erred in making that assessment against it and that the amount is excessive. We reverse and remand the cause to the trial court.

In its first point of error, Dover argues that, inasmuch as it was the prevailing party, the trial court erred in assessing guardian ad litem fees against it. Specifically, Dover claims that pursuant to Texas Rules of Civil Procedure 131 and 173, the trial court is required to assess those fees against the losing party unless trial court, pursuant to rule 141, *states* good cause for doing so on the face of the record. Rules 131 and 173 state as follows:

Rule 131

The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.

Tex.R.Civ.P. 131.

Rule 173

> When a minor ... is a party to a suit ... the court shall appoint a guardian ad litem for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs.

TEX.R.CIV.P. 173. Therefore, as a general rule, guardian ad litem fees are to be assessed against the losing party. These rules must be considered in light of rule 141:

> The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules.

TEX.R.CIV.P. 141. Dover contends there was no good cause shown. In ruling on the question of assessment of the ad litem fees the trial court stated, "Okay, I make the following ruling. I find that good cause exists for assessing such costs against the successful party, which is the Defendants in this case. I'll order the ad litem fee of ninety-four ... and a half hours at two hundred per hour, which is eighteen thousand nine hundred dollars." Dover now argues that the trial court should have explained its reasons for finding good cause, explicitly stating those on the record. Servellon and Sibley, on the other hand, argue that the record reflects the basis for the court's decision and that it is not necessary for it to restate those reasons when assessing the fees in open court. Both sides cite the Supreme Court case of *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599 (Tex.1985). In that case, the trial court rendered judgment on the merits for Walmart, but assessed it with one-half of the total guardian ad litem fees. The court of appeals reversed and rendered judgment that the guardian ad litem fees be borne totally by the Rogers. The Supreme Court reversed the judgment of the court of appeals and affirmed the judgment of the trial court.

Servellon and Sibley look to certain language in *Rogers* to support their argument. The Supreme Court states, "Rule 141, then, permits a court to assess costs on the prevailing party for good cause as shown on the face of the record." *Id.* at 601. Later, the court goes on to say, "an appellate court should scrutinize the record to determine whether it supports the trial judge's decision to tax the prevailing party with part, or all, of the costs." *Id.* Appellees misconstrue these statements, the *Rogers* case, and the application of rule 141.

The court in *Rogers* did not address the question of whether the trial court must specifically state its reasons for finding good cause or whether the finding is sufficient if the appellate court is able to find sufficient reasons somewhere in the record. The first above-quoted statement, regarding rule 141, does not address the question of whether or not the trial court must explicitly state its reasons for finding good cause. As to the second above-quoted statement, it must be considered in the context of the case from which it was extracted. In *Rogers*, the trial court *stated in the judgment*, "[Walmart] prolonged the testimony and presentation of evidence of this cause for strategical reasons ..." *Id.* at 600–01. The Supreme Court took that statement to be a statement of the trial court's reason for finding good cause. That is exactly the type of explanation that is not present in the instant case. The Supreme Court's requirement that appellate courts search the record is nothing more than a restatement of what the appellate courts must do in any case to determine if the trial court has abused its discretion. It is not a directive to the appellate courts to search the record to find *some* reason the trial court *may* have relied on to find good cause.

In the instant case, the trial court's statement that it found good cause, without setting out the basis for that finding, is not in compliance with rule 141. The trial court must explain its rationale for disregarding the equitable policy of rule 131. *State v. B & L Landfill, Inc.*, 758 S.W.2d 297, 300 (Tex.App—Houston [1st Dist.] 1988, no writ). Thus, the trial court abused its discretion in assessing costs to Dover, the prevailing party. We sustain Dover's first point of error. We reverse the portion of the judgment ordering Dover to pay guardian ad litem fees and remand the cause for a proper allocation of the costs pursuant to rules 131 and 141.

In its second point of error, Dover claims the trial court abused its discretion in assessing $18,900 as the guardian ad litem fee because it is excessive. The decision of a trial court regarding reasonable compensation for a guardian ad litem will not be overturned unless there is a clear abuse of discretion apparent from the record. *Dawson v. Garcia,* 666 S.W.2d 254, 264 (Tex.App.—Dallas 1984, no writ). In determining the reasonableness of the fees awarded to the guardian ad litem, the trial court can consider such factors as the difficulty and complexity of the case, the amount of time spent by the attorney, the benefit derived by the client, and finally, the skill and experience reasonably needed to perform the service. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987). No evidence is required to support the court's award of attorney's fees to the guardian ad litem. *Smith v. Smith,* 720 S.W.2d 586, 591 (Tex.App.—Houston [1st Dist.] 1986, no writ). The party complaining of abuse of discretion has the burden to bring forth a record showing such abuse. *Simon,* 739 S.W.2d at 795.

The record here includes a document entitled "Guardian Ad Litem Hours" which details the number of hours Sibley worked on the case. The record also includes the transcript of a hearing wherein the attorneys for Dover and Servellon, as well as Sibley himself, made their arguments to the court regarding the amount of guardian ad litem fees and against whom they should be assessed. Thus, we have evidence from Sibley that he worked ninety-four and one-half hours on the case and that an appropriate hourly fee for his work in this case would be $200 an hour. While counsel for Dover argued that was excessive, Dover did not meet its burden to show the figure was arbitrary or unreasonable. Dover made no objections to any of Sibley's evidence, did not cross-examine Sibley, and presented no controverting evidence to show what amount it believed would be reasonable. Thus, the trial court did not abuse its discretion in awarding $18,900 to Sibley as his guardian ad litem fee. We overrule point of error two. We remand this cause to the trial court to allocate costs and, if good cause is found to assess guardian ad litem fees against the prevailing party, the trial court shall state its reasons for finding good cause on the record.