**Dan GOODWIN and Valerie Goodwin, as Legal Representatives of the Estate of Hillary Goodwin, Petitioners,**

v.

**The SECRETARY of the DEPARTMENT of HEALTH and HUMAN SERVICES, Respondent.**

**No. 90–3696V.**

United States Court of Federal Claims.

Dec. 23, 1992.

---

Steve T. Hastings, Corpus Christi, TX, for petitioners, Allison & Huerta, of counsel.

Belle A. Kronisch, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER

NETTESHEIM, Judge.

This matter is before the court on respondent's motion for reconsideration. The issue to be decided is whether the court properly set aside the special master's decision dismissing the action and denying petitioners' compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–34 (1988), *as amended* by several public laws, codified in 42 U.S.C.A. §§ 300aa–1—300aa–34 (West. Supp.1992) ("the Vaccine Act"). The facts of the case have been adequately developed in the court's October 30, 1992 order. 27 Fed.Cl. 1. After carefully considering the parties' arguments in this regard and as modified by this order, the court declines to sustain the special master's decision.

## DISCUSSION

Respondent initially complains that "neither the petitioners nor the respondent based their respective arguments on, or had the opportunity to brief the issue of any applicability of the state court's procedural rules...." Resp's Br., filed Nov. 16, 1992, at 4. The court appropriately took cognizance of matters of law in rendering its decision. The special master based his decision on a Texas court's application of state court rules. In reviewing the special master's decision, the court analyzed the application of these rules to the purposes of the Vaccine Act. The parties had not addressed these state procedural issues even though the Texas state court rules were dispositive. The court, however, recognizes that any interpretation of those rules must square with the language and purposes of the Vaccine Act.

Respondent urges the court to reconsider the basis for its jurisdictional ruling allowing petitioners to present their case to the special master. According to respondent, the court should look only to the Vaccine Act for guidance on the jurisdictional question. In the alternative, respondent argues that the applicable Texas rules allowed the Texas court in this case to grant a voluntary dismissal and tax costs to the non-dismissing party, which, in respondent's view, bar petitioners from proceeding under the Vaccine Act.

■ The issue presented is whether respondent's proffered construction of the Vaccine Act is reasonable. As stated in the court's October 30, 1992 order, "judges must be cautious not to substitute their judgment and will for that of the legislature ... [and] must also take care not to make the overall goal of the statute a slave to its wording...." *Goodwin v. Secretary of DHHS*, 27 Fed.Cl. 1, 3 (1992). The Vaccine Act's provisions regarding pending civil actions manifest a legislative intent to prevent double recoveries by petitioners proceeding under the Vaccine Act. *See* 42 U.S.C.A. § 300aa–11(a)(7) (providing that a damage award, either by settlement or court action, precludes a Vaccine Act petition); § 300aa–11(c)(1)(E) (providing that petitioner must aver in the petition that he has not previously collected a damage award either by settlement or court action).

■ Respondent apparently reads 42 U.S.C.A. § 300aa–11(a)(5)(A) in the following manner: If an individual wishes to file a petition, but has pending a civil action for damages, the individual shall petition to have such action dismissed without prejudice or costs. He may then proceed under the Vaccine Act. This interpretation likely is what Congress intended. Respondent points out that the legislative history reveals that Congress amended the original Vaccine Act to include the "costs" language. When comparing section 300aa–11(a)(5)(A) with the other provisions articulating those circumstances that preclude a petitioner from filing under the Vaccine Act, it appears that none of the other "petition-precluding" paragraphs refers to costs as a bar to suit. Congress could have, but did not, amend the Vaccine Act to bar these suits. Respondent does not address the inherent ambivalence of section 300aa–11(a)(5)(A). According to respondent's logic, the provision also would deprive the court of jurisdiction if the dismissing court had assessed costs against a plaintiff. The section does not state that it only applies to costs taxed to the defendant. Of course,

the above hypothesis would constitute an absurd result. It aptly demonstrates why the court cannot uphold the special master's construction of section 300aa–11(a)(5)(A).[1]

■ Congress did not provide adequate guidance in this instance precisely because cases such as this are so anomalous. Granting a plaintiff a voluntary dismissal and simultaneously taxing costs to the defendant would be a highly unusual action. Consequently, it is not surprising that Congress was not concerned with an eventuality this remote. Even if Congress did intend to preclude such suits, Texas court rules do not allow for voluntary dismissals with costs taxed to the non-dismissing party. As stated in the court's October 30, 1992 order, Tex.R.Civ.P. 162 governs dismissals in Texas state courts. That rule operates as a "default" setting and authorizes the clerk of the court to tax costs against the dismissing party only. The rule, however, allows the judge to order the clerk "otherwise." The import of these words is that the court may, in its discretion, order the clerk not to tax costs to the dismissing party. "Otherwise" does not constitute the whole universe of other actions that a court may order. The court cannot indulge in speculation that Rule 162 authorizes the state court to first order the clerk not to tax the dismissing party and then affirmatively tax costs to the nondismissing party. Rule 162 leaves a Texas court two options only: tax the dismissing party or not tax costs at all.

■ Respondent also argues that Tex.R.Civ.P. 141 provides a Texas court with the authority to tax costs to the non-dismissing party for "good cause shown" and that, in this case, petitioner made such a showing. Rule 162 alone addresses this issue. However, even were the court to incorporate Rule 141 into the analysis, the result would remain the same. Rule 141 provides that "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." Texas courts have addressed the good cause issue on numerous occasions. In the majority of cases, Texas courts have decided a Rule 141 "good cause" issue in conjunction with Rule 131 (providing that the prevailing party may recover costs incurred in prosecuting its case) when a court assesses costs against a prevailing party. Texas courts have apparently never decided a Rule 141 issue with reference to Rule 162.

According to the Texas Supreme Court, " 'good cause' is a very elusive concept." *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex.1985) (citation omitted). In *Rogers* the trial court held a hearing on a motion for judgment and assessment of costs. The Texas Supreme Court held that the trial judge did not abuse his discretion in finding "good cause," pursuant to Rule 141, to tax costs to the prevailing party when it unnecessarily prolonged testimony and presentation of evidence. However, the court also stated that "the face of the record" must show "good cause." 686 S.W.2d at 601. Texas courts later addressed the issue of "whether the trial court must specifically state its reasons for finding good cause or whether the finding is sufficient if the appellate court is able to find sufficient reasons somewhere in the record...." *Dover Elevator Co. v. Servellon*, 812 S.W.2d 366, 367 (Tex.App. 1991). The court held that the trial court must explicitly present a basis for a "good cause" finding: "It is not a directive to the appellate courts to search the record to find some reason the trial court may have relied on to find good cause." *Id.* (emphasis in original deleted). In other words, a

---

1. Similarly, respondent's argument unfairly would prejudice a plaintiff who was victimized by egregious conduct of a defendant. Posit a pending case wherein the judge agreed to dismiss a plaintiff's case without prejudice, but deemed that defendant's conduct (failure to provide reasonable discovery, for example) warranted taxing of costs. Respondent's argument would deprive such a petitioner from filing suit under the Vaccine Act. The court finds it highly improbable that Congress was so prescient as to contemplate such an eventuality, let alone to bar a petitioner who received a cost award that was intended to penalize his opponent's conduct in another court, not intended to give the petitioner anything tantamount to a recovery on his claim. Certainly the legislative history is bereft of any such indication.

Texas trial court must affirmatively explain why it assesses costs under Rule 141.

Consistent with the "abuse of discretion" standard, Texas appellate courts will not closely scrutinize the "good cause" reasoning itself, but, rather, will look for specific "good cause" reasoning to appear in the record. In *Dover Elevator,* the court stated that a "trial court's statement that it found good cause, without setting out the basis for that finding, is not in compliance with Rule 141.... *The trial court must explain its rationale* for disregarding the equitable policy of Rule 131...." 812 S.W.2d at 367 (emphasis added). Similarly in *Contemporary Health Mgmt., Inc. v. Palacios,* the appeals court "remanded the case for the trial judge to state good cause existing for the action he took, not for him to find good cause to justify his previous action...." 832 S.W.2d 743, 746 (Tex.App. 1992) (emphasis in original deleted). On remand the trial judge properly incorporated four "good cause" findings into the findings of fact and conclusions of law. *Id.*[2]

Rule 141 does not provide a basis for the cost award granted in this case. Petitioner did not argue "good cause" and the Texas court trial judge did not make a "good cause" finding. The words "good cause" do not appear either in plaintiffs' motion to dismiss or the trial court's dismissal order. This fact effectively forces respondent to argue that the trial court implicitly found "good cause."[3] Respondent contends that plaintiffs' motion provided the Texas court with the basis for a good cause finding. However, the trial court must affirmatively make a finding reflecting good cause. That plaintiffs requested a cost award that might fit under the Rule 141 rubric does not of itself constitute "good cause." Even considering plaintiffs' motion, the court cannot find any proffer of a "good cause" showing. Plaintiffs' motion to dismiss articulated one ground: "Plaintiffs no longer wish to prosecute their cause of action herein against these Defendants in State

Court." Plfs' Motion To Dismiss at 1, *Goodwin v. Blaine,* No. 88–2462–B, filed Sept. 18, 1990 (117th Dist., Nueces Cty., Tex.). Plaintiffs merely restated the caption in different terms (one assumes that a party moves for a voluntary dismissal when it no longer wishes to prosecute a case), which cannot be considered a basis for taxing costs to the non-dismissing party. For its part, the Texas court dismissal order states only that "the Court, having considered ... [plaintiffs' motion], is of the opinion and finds that such Motion should in all things be granted and sustained." *Goodwin v. Blaine,* No. 88–2462–B (117th Dist., Nueces Cty., Tex. Sept. 18, 1990). This is a conclusory statement. It does not explain the court's finding or offer any rationale for a cost award not provided for in the Texas rules. That plaintiffs requested costs does not constitute "good cause" to grant the request. As such, the court did not show "good cause" explicitly or implicitly and, therefore, Rule 141 could not have allowed the costs award made in this case.

## CONCLUSION

Based on the foregoing, the court's October 30, 1992 order, is reaffirmed as modified herein, and respondent's motion for reconsideration is otherwise denied.

IT IS SO ORDERED.

---

**2.** One judge dissented, arguing that the four-paragraph-long recitation was insufficient to constitute "good cause." 832 S.W.2d at 747–49.

**3.** Actually, respondent would have the court find that petitioners implicitly made a good cause showing and, then, that the Texas court implicitly agreed with that implicit showing.