**FURR'S SUPERMARKETS, INC., Appellant,**

v.

**Marthana BETHUNE, Appellee.**

No. 08–99–00388–CV.

Court of Appeals of Texas, El Paso.

June 29, 2000.

Mark C. Walker, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellant.

Dennis L. Richard, Richard, Cobb & Hall, P.C., El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

CHEW, Justice.

■ Appellant, Furr's Supermarkets, Inc., was sued by Appellee, Marthana Bethune, after she was assaulted and her purse stolen in a Furr's parking lot. The sixty-year-old woman alleged that Furr's was negligent in failing to provide adequate security; however, a trial resulted in jury findings that Furr's was not negligent. Furr's brings one issue contending that the trial court abused its discretion by refusing to award Furr's taxable court costs under Texas Rules of Civil Procedure 131. Rule 131 states, "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R.CIV.P. 131. Rule 141 states, "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." TEX.R.CIV.P. 141. This Court, and others, have held that Rule 141 requires the trial court to state the grounds or explain the rationale for disregarding the equitable rationale of Rule 131. *See, Guerra v. Perez & Associates,* 885 S.W.2d 531, 533 (Tex.App.—El Paso 1994, no writ). Yet, it is clear that "good cause" is a very elusive concept which must be determined on a case-by-case basis. *Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex. 1985). The allocation of costs is a matter for the trial court's discretion and cannot be overturned on appeal unless the trial court abused its discretion. *See id.; see also, Operation Rescue–National v. Planned Parenthood of Houston and Southeast Texas, Inc.,* 937 S.W.2d 60, 86 (Tex.App.—Houston [14th Dist.] 1996), *aff'd, as modified,* 975 S.W.2d 546 (Tex. 1998).

■ At the hearing on the motion to assess costs, the trial judge was reminded by Bethune's counsel that a third party summoned two police officers to the hearing due to the belief that Bethune would do harm to herself or might be suicidal. Counsel also noted that since Bethune's only income is derived from social security disability, Bethune believed it was not garnishable and thus nothing would be served by Furr's pursuing post-judgment collection efforts against her.[1] The trial court was also reminded of the evidence introduced during trial through Dr. Schuster of Bethune's fragile emotional state. In addition, the following exchange occurred:

> The Court: If I remember correctly, a while ago, we had an outburst from Ms. Bethune.
>
> Ms. Bethune: I'm sorry I'm so upset.
>
> The Court: I think she said something about suicide, didn't she?
>
> Mr. Richard: She did, Your Honor.
>
> The Court: I'm not going to be the one to precipitate any further emotional problems for her. I'm going to let each party bear their own costs.

We hold that the trial court complied with Rule 141. He was entitled to consider several factors in the record, he adequately stated his reasoning, and his finding of good cause was not an abuse of discretion. We affirm the judgment of the trial court.

---

1. Counsel noted that he was not representing to the Court that the disability income was not garnishable. He was merely stating what Bethune believed the case to be.