NO. 07-99-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 31, 2001

_____


KRISTAN PENNINGTON, APPELLANT

V.

PAUL CHERRY, APPELLEE


_____

FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;

NO. 37,888; HONORABLE BRITT E. PLUNK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Presenting four issues which she contends demonstrate the trial court erred in its entry, appellant Kristan Pennington challenges a judgment in her favor against appellee Paul Cherry. In those issues, appellant argues 1) the trial court abused its discretion by failing to award costs to her as the successful party in this suit, 2) the jury's award for medical costs was both insufficient as a matter of law and contrary to the great weight and

preponderance of the evidence, 3) the jury's award for physical pain and mental anguish was manifestly unjust, and 4) "juror bias." Finding merit in appellant's first issue, we sustain it, modify the judgment of the trial court and, as modified, affirm it.

In March of 1999, the parties were involved in an automobile accident in Hardin County. As a result of the accident, appellant filed the underlying suit against appellee. In her suit, she alleged various acts of negligence and sought recovery for medical expenses, physical pain and mental anguish, past and future lost wages and loss of earning capacity. At the beginning of trial, the parties stipulated as to appellee's liability and to several items of medical expenses. As a result of the trial, the jury awarded appellant $500 for physical pain and mental anguish in the past, $2,100 for past lost earning capacity, and $1,800 in past medical expenses. On September 16, 1999, the trial court rendered judgment on the jury verdict, together with prejudgment interest of $126.58, and ordered each party to pay their own costs.

As we noted, in her first issue, appellant challenges the court's failure to award her costs as the prevailing party. Texas Rule of Civil Procedure 131 provides that the "successful party" shall recover all costs "except where otherwise provided." The allocation of costs is a matter for the trial court's discretion and cannot be overturned on appeal unless the trial court abused its discretion. An abuse of discretion is shown when costs are not allocated according to the provision of Rule 131 unless the trial court makes

a finding of good cause. *University of Houston-Clear Lake v. Marsh*, 981 S.W.2d 912, 914 (Tex.App.–Houston [1st Dist.] 1998, no pet.)

Although the trial court judgment awarded damages to appellant, without supporting authority, appellee argues that he is the prevailing party because the jury's award was less than an amount offered in settlement negotiations. Initially, we note that by this argument, appellee asks us to look beyond the appellate record and consider the parties out-of-court settlement negotiations.[1] This we may not do. The cases defining a "successful party" within the purview of Rule 131, do so as "one who obtains a judgment vindicating a civil claim of right." *State Farm Mut. Auto Ins. Co. v. Grayson*, 983 S.W.2d 769, 770 (Tex. App.–San Antonio 1998, no pet.); *Marsh*, 981 S.W.2d at 914; *State Farm Fire and Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731, 747 (Tex.App.–Waco 1998, no pet.). Here, the judgment was in appellant's favor. The mere finding of liability made appellant the successful party, regardless of the amount of damages awarded. *See City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex.App.–Amarillo 1997, pet. denied); *Scholl v. Home Owners Warranty Corp.*, 810 S.W.2d 464, 468 (Tex.App.–San Antonio 1991, no writ).

In seeking to avoid the established body of law defining a successful party under Rule 131, appellee cites Chapter 154 of the Civil Practice and Remedies Code, which concerns alternative dispute resolution. He posits that it is our responsibility under §§

---

[1]Appellee's attorney mentioned settlement offers during his argument at the new trial hearing. However, the statements are not evidence because they were not given under oath. *See Goode v. Shoukfeh*, 915 S.W.2d 666, 671 (Tex.App.–Amarillo 1996), *affirmed*, 943 S.W.2d 441 (Tex. 1997).

3

154.002 and 154.003 of the Code to encourage settlement and, applying a "liberal construction" to Rule 131, considering the settlement negotiations, and by denying appellant an award of costs, thereby encourage the settlement of lawsuits. That simply is a stretch we cannot make. Chapter 154 of the Code concerns the referral of disputes from the judicial system to alternative dispute resolution procedures. It was not intended to, and does not, supplant established rules of procedures concerning the disposition of causes which have actually reached the trial stage. It has no application to the construction of Rule 131.

With regard to the allocation of costs, Texas Rule of Civil Procedure 141 provides that a trial court may "for good cause, *to be stated on the record*, adjudge the costs otherwise than as provided by law or these rules" (emphasis added). Appellee argues that the phrase "to be stated on the record" does not require an express finding by the trial court, but merely that there be some basis in the record inferentially sufficient to support good cause. In support of that argument, he cites *Rogers v. Wal-Mart,* 686 S.W.2d 599 (Tex. 1985) and, in particular, that portion of the court's opinion in which it commented, "[R]ule 141, then, permits a court to assess costs on the prevailing party for good cause, as shown on the face of the record." *Id.* at 601. Appellee interprets that comment to support his position that "good cause" can be supplied by the record, even absent an express statement by the court. We disagree. The opinion also shows that the trial court in question there had made an express finding of good cause and stated it on the record. Neither *Rogers* nor appellee's argument distinguish the line of cases requiring some

4

express statement on the part of a trial court.  *See, e.g., Keever v. Finlan*, 988 S.W.2d 300, 309 (Tex.App.–Dallas 1999, pet. dism'd); *Marshall Investigation & Sec. Agency v. Whitaker*, 962 S.W.2d 62, 63 (Tex.App.–Houston [1ˢᵗ Dist.] 1997, no writ).  Because the trial court did not make the required express statement, we sustain appellant's first point.

Relying on the same authorities for each contention, in her second issue, appellant contends the award of $1,800 for medical expenses was inadequate as a matter of law and was against the great weight and preponderance of the evidence.  In espousing that position, she relies on an agreed stipulation that she incurred $2,779 in medical expenses, as well as cases holding that such agreed stipulations are binding upon the parties.  *See M.J.R.'s Fare v. Permit and License Appeal Board,* 823 S.W.2d 327, 331 (Tex.App.–Dallas 1991, writ denied); *Keller Industries, Inc. v. Reeves*, 656 S.W.2d 221, 228 (Tex.App.–Austin 1983, writ ref'd).

Responding to appellant's argument, appellee argues that she either waived or was estopped from relying on the stipulation because she never presented the stipulation to the jury and also referred to amounts different from the stipulation in statements and arguments to the jury.  In his opening statement, appellant's attorney argued that appellee "concedes that there's $1,765.14 in bills that was caused by his negligence."  In his closing argument, the attorney repeated the same amount and made no objection to the jury charge which provided, "[t]he parties have stipulated that Paul Cherry's negligence created

5

health care expenses of not less than $1,765.14. Your answer must be for at least that amount."

In support of his waiver argument, appellee cites our decision in *Wirtz v. Massachusetts Mut. Life Ins. Co.*, 898 S.W.2d 414, 422 (Tex.App.–Amarillo 1995, no writ). In that case, we opined that a party relying upon an opponent's judicial admission "must protect the record by objecting to the introduction of controverting evidence and to the submission of any issue bearing on the fact admitted." That rule was applied to stipulations in *Daimler-Benz Aktiengesellschaft v. Olsen*, 21 S.W.3d 707, 719 (Tex. App.–Austin 2000, pet. dism'd w.o.j.). This view is also supported by the contemporaneous objection rule. *See* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 274. Under this record, the jury's award of $1,800 for medical expenses is not insufficient as a matter of law.

Parenthetically, it must be noted that by that decision, we are not adopting the portion of appellee's argument in which he posits that appellant waived the benefit of the stipulation by introducing medical bills which were not part of the stipulation. The parties actually stipulated to specific medical bills that were "caused by the accident of March 17th, 1997 and they are reasonable and necessary." The stipulation did not provide that the enumerated expenses were exclusive, nor did it state a total of reasonable and necessary medical expenses. *Cf., Perry v. Brooks*, 808 S.W.2d 227, 229 (Tex.App.–Houston [14th

6

Dist.] 1992, no writ) (stipulation that reasonable and necessary medical bills that totaled $3,000 supported exclusion of additional bills).

Appellant next argues that she introduced evidence of medical expenses amounting to $2,692.25, which was uncontroverted. She does not, however, provide citations to the record showing when this evidence was introduced. We remind counsel that Rule of Appellate Procedure 38.1(h) requires citation to the record supporting an appellant's argument and the failure to do so waives the point or issue. *Flume v. State Bar*, 974 S.W.2d 55, 62 (Tex.App.–San Antonio 1998, no pet.). However, in the interests of justice, we will consider references to the record appellant includes in her third issue which also bear on our discussion of this issue.

Appellant cites her testimony as to the medical expenses she incurred. It included ten separate bills from medical providers. In her testimony, appellant stated the amounts on eight of the bills totaled $1,495.50. Although two additional bills totaling $1,132 were introduced, the amounts of those bills were never stated before the jury. The total of all the bills introduced into evidence was $2,627.50, but we do not find in the record any showing that the exhibits were published to the jury.

Appellee responds that appellant has waived her right to complain about the jury's answer because she invited error by misstating the amount of the parties' stipulation and by obtaining the jury instruction as to the stipulated medical expenses.

The fact that there was additional evidence that the medical bills totaled $2,627.50 is not sufficient in and of itself to make the jury's finding against the great weight of the evidence. The jury also had before it the statement of appellant's attorney that the parties' stipulation as to reasonable and necessary expenses was only $1,765. The evidence actually presented to the jury only totaled $1,495.50 in medical expenses. Moreover, although appellant was competent to testify as to the expenses she had incurred, she was not competent to testify that those expenses were reasonable and necessary. *See Oil Country Haulers, Inc. v. Griffin*, 668 S.W.2d 903, 904 (Tex.App.–Houston [14th Dist.] 1994, no writ) and Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (Vernon 1997). Thus, appellant's testimony only establishes the expenses paid by her, it does not show that those expenses were reasonable and necessary. Under this record, we cannot say that the jury verdict was against the great weight and preponderance of the evidence. Appellant's second issue is overruled.

In her third issue, appellant also asserts that the jury's award of $500 for physical pain and mental anguish is against the great weight and preponderance of the evidence. In reviewing a factual sufficiency challenge such as this, we consider and weigh all the evidence in support of the award and only set it aside if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629*,* 635 (Tex. 1986)*.* In doing so, we must be mindful that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 796 (1951). It is particularly

within the province of the jury to evaluate opinion testimony on the question of the amount of damages, and they have considerable discretion in doing so. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *Kirkpatrick v. Memorial Hosp.*, 862 S.W.2d 762, 772 (Tex.App.–Dallas 1993, writ denied).

The mental processes by which a jury determines the amount of damages is ordinarily not cognizable by an appellate court, and where the law does not provide a precise legal measure of damages, the amount to be awarded is largely discretionary with a jury. *Peterson v. Reyna*, 908 S.W.2d 472, 476 (Tex.App.–San Antonio 1995), *modified,* 920 S.W.2d 288 (Tex. 1996)*.* Expert testimony has only evidentiary significance and is not binding upon a jury. *Hebert v. Pan American Van Lines, Inc.,* 681 S.W.2d 221, 222 (Tex.App.–Houston [14th Dist.] 1984, no writ). We are not free to reweigh the evidence and set aside a jury verdict merely because we feel a different result is more reasonable. *Pool*, 715 S.W.2d at 634. Our courts have held that a jury may deny an award of damages when the injuries are subjective in nature. *Lamb v. Franklin*, 976 S.W.2d 339, 341 (Tex. App.–Amarillo 1998, no pet.) (citing *Blizzard v. Nationwide Mut. Fire Ins. Co.,* 756 S.W.2d 801, 805 (Tex.App.--Dallas 1988, no writ)). Moreover, even uncontroverted evidence of an objective injury does not always require mental anguish damages. *Lamb, supra.*

In support of her claim that the damages for physical pain and suffering and mental anguish were inadequate, appellant cites the evidence of her treatment at the emergency room, by physicians and a chiropractor, her physical therapy, and her use of prescription

pain medication. She also contends the uncontroverted evidence establishes that during her medical treatment she endured great pain, which worsened in the days after the collision.

In challenging appellant's claim that the evidence was uncontroverted, appellee notes the pain claimed by appellant was based upon her subjective testimony and the weight to be given those claims was heavily dependent upon the jury's assessment of her credibility. Included in the list of things that appellee argues would undermine appellant's credibility are an asserted conflict between appellant's deposition testimony, her trial testimony, and the testimony of her expert Lubna Elahi concerning the source and nature of headaches she suffered after the collision. Appellee also cites evidence that appellant was seen by her employer on occasions without a neck brace, which she had represented was necessary, a discrepancy which caused her employer to no longer trust her. However, in the same testimony, appellant said another reason given for her termination was that she was unable to work at a computer for long hours.

Appellant has failed to cite any case in which a court, in a similar situation, has found an award of damages for physical pain and mental anguish inadequate. Indeed, cases which we have cited above, including *Lamb* and *Blizzard*, show that such an award may be denied entirely in a proper case. Suffice it to say, under the record before us, we cannot say the jury's answer was clearly wrong and manifestly unjust. Appellant's third issue is overruled.

In her fourth and final issue, appellant addresses the trial court's failure to dismiss a jury venire member because she knew appellee. When the panel was queried if any of its members knew of the accident giving rise to the suit, venire person Sharon Wright stated that she "heard that Paul Cherry was in an accident. That's all." Upon further questioning, Wright said she had worked with appellee at a hospital for two and one half years and that they were friends, but she had not seen him for four years. That statement gave rise to the following colloquy:

> Braugh (Plaintiff's attorney): And because you're friends do you think that you'd have a tendency to believe Mr. Cherry's . . . version over Ms. Pennington?
>
> Wright: I don't know, I really can't say.
>
> Braugh: Is it possible that you might have a prejudice in favor of Mr. Cherry in this case?
>
> Wright: Maybe, I don't know. I'm just being honest with you.

At the conclusion of the general voir dire, Pennington sought to strike Wright for cause and the court recalled her for individual questioning. Wright again stated her acquaintance with Cherry "could" affect the way she heard the evidence. The trial court then asked her the following question:

> Court: Ma'am, I think the real question is do you have such a bias or prejudice in your mind right now that you cannot be fair to both sides. In other words, if you were to take an oath and chosen as a juror . . . could you sit over there and [follow your oath] put any bias and prejudice out of your mind you might have right now and make your decision solely on that, the law and the sworn testimony you would hear?

11

Wright:  Oh, yes.  I can do that.

After receiving that answer, the trial court refused appellee's motion to strike Wright for cause.  In this appeal, appellant argues that Wright plainly admitted both bias and prejudice and the efforts of the defense and "the court" were unavailing.

A person is disqualified to serve as a juror if he or she has a bias or prejudice in favor of, or against, a party in the case.  Tex. Gov't Code Ann. § 62.105(4) (Vernon 1998).  Bias sufficient to disqualify a juror means that it must appear that the state of mind of the juror leads to the inference that he or she will not act with impartiality.  Prejudice means prejudgment and therefore includes bias.  *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex. 1963).  If a potential juror's bias or prejudice is established as a matter of law, the trial court must disqualify the juror.  If it is not established as a matter of law, the trial court makes a factual determination as to whether the juror should be disqualified.  *Malone v. Foster*, 977 S.W.2d 562, 564 (Tex. 1998).  The trial court's factual determination must be viewed in the light most favorable to its ruling and should not be disturbed absent an abuse of discretion.  *Gant v. Dumas Glass & Mirror*, 935 S.W.2d 202, 207 (Tex.App.–Amarillo 1996, no writ).

Citing the colloquy we have quoted, appellant argues Wright admitted her bias and prejudice, and having done so, could not be rehabilitated by opposing counsel or by the court.  *See Gum v. Schaefer*, 683 S.W.2d 803, 808 (Tex.App.–Corpus Christi 1984, no writ). However, as we discussed in *Gant*, responses that lead to challenges for cause and

12

make it impossible for the venire person to be rehabilitated are those that show that the individual's feelings are so strong in favor of, or against, a party or against the subject matter of the litigation, that the venire member's verdict would be based upon those feelings and not on the evidence. *Gant*, 935 S.W.2d at 208. The responses given by Wright do not rise to that level, but are of the nature that raise a factual determination to be made by the trial court. *Id.* at 207-08. Our conclusion that this is the case is strengthened by Wright's unequivocal answer that she would follow the charge and base her answers on the evidence presented. The trial court did not abuse its discretion in overruling the challenge for cause. Appellant's fourth issue is overruled.

In summary, appellant's first issue is sustained and the remaining issues are overruled. Accordingly, the judgment of the trial court is modified to provide that costs are assessed against appellee. As modified, the judgment is affirmed. Tex. R. App. P. 43.2(b).

John T. Boyd
Chief Justice

Do not publish.