In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00061-CV
_____

JOE WARE, Appellant

V.

UNITED FIRE LLOYDS, Appellee

On Appeal from the 260th District Court
Orange County, Texas
Trial Cause No. D-100048-C

MEMORANDUM OPINION

Joe Ware appeals from the trial court's award of attorney fees and court costs in a property insurance dispute. He argues the trial court erred in awarding him only $3,133.20 in attorney fees. He claims he proved attorney fees of $133,497.00, and asks this Court to render a judgment awarding him that amount. He does not ask that the case be remanded. Ware also contends the award for court costs failed to include all taxable costs. We conclude Ware is not entitled to the judgment he requests on appeal.

1

## IKE AND RITA

Ware owned two commercial properties in Orange County at the time of Hurricane Rita in 2005 and Hurricane Ike in 2008. After Hurricane Rita, but before Hurricane Ike, Ware filed a lawsuit on an insurance claim for damage to the properties during Hurricane Rita. *See In re Acceptance Indem. Ins. Co.*, No. 09-08-033-CV, 2008 WL 659438 (Tex. App.—Beaumont Mar. 13, 2008, orig. proceeding). He was paid $146,170.85. After Hurricane Ike, Ware filed a claim with United Fire Lloyds, his new insurance carrier, for damage to the same properties. Ware made a written pre-suit demand of $187,121.51. Lloyds paid Ware $12,197.81 on the Ike claim.

Ware sued Lloyds for breach of contract, breach of the duty of good faith and fair dealing, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act. With the exception of the breach of contract claim, the jury rejected his claims. The jury awarded Ware $7,833.01 in damages for breach of contract. In addition to the damages found by the jury, the trial judge awarded Ware $4,300.27 in statutory interest penalty under the Texas Insurance Code and $713.56 for prejudgment interest. Neither party challenges the jury's verdict.

## FINDINGS OF FACT

The parties agreed to submit the issue of attorney fees to the trial court. The court awarded $3,133.20 for attorney fees, and $333.00 for court costs. In its findings of fact and conclusions of law, the trial court found that Ware's written settlement demand for damages to both properties was $187,121.51, which included attorney fees "calculated on the basis of a 40% contingent fee contract with the [p]laintiff." The findings reflect that the parties later submitted the case to mediation. Ware's settlement demand then was $251,559.64, subsequently reduced to $245,000.00. Lloyds offered to settle the claims for $9,653.00. The offer was rejected. The case proceeded to trial.

The trial court found that Ware and his attorneys "acted unreasonably and in bad faith in claiming damages from [H]urricane Ike when those damages had been caused by either flooding [excluded under the policy] or by [H]urricane Rita, and such a claim constituted an excessive demand and was unreasonable." The trial court further found that "[p]laintiff stated under oath that his properties had suffered no flood damages as a result of [H]urricane Ike." "This statement was not true, and it was undisputed that the property had been subjected to flooding of up to 18 inches in one building and 24 inches in another building." The court also found that Ware's attorneys "submitted a statement for attorney fees in an amount

3

of $133,947.00 based on various hourly rates[,]" and that Ware's "original demand letter requested attorney fees based upon a 40% contingent fee contract with [Ware]." The court found that the "excessive and unreasonable demands caused unnecessary and excessive litigation costs, including attorney fees and court costs."

Ware challenges the trial court's finding -- that his damages claim was unreasonable and in bad faith -- though he acknowledges that the settlement demand included flood damages which were not recoverable under the policy with Lloyds. Ware asserts that the inclusion of the flood damages in the settlement demand was a mistake, and he states that Lloyds was made aware of the mistake long before trial. There is evidence in the record, however, that Ware's attorney and his expert met "the week before trial" to remove flood damages from the estimates, and that the expert did not remove each item that he considered to be damages caused by flood waters until the middle of trial. Moreover, Ware had stated under oath in a discovery response that his properties had suffered no flood damages as a result of Hurricane Ike. He does not dispute the trial court's finding that this sworn statement was not true. The trial court also heard evidence that a portion of the damages sought by Ware in his demand letter were the result of Hurricane Rita or pre-existing leaks to the property.

4

ATTORNEY FEES

Ware argues that Lloyds stipulated at trial to Lloyds' untimely payment of the claim. He contends he is entitled to attorney fees as a matter of law under both the breach of contract claim and the prompt payment provision of the Insurance Code. *See* Tex. Ins. Code Ann. § 542.058 (West Supp. 2012), § 542.060 (West 2009); Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008). Arguing that the attorney fees sought by Ware are excessive, Lloyds raised the defense of "excessive demand" with the trial court, and asserts that the fees sought by Ware are unreasonable and, in part, unnecessary. *See Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc*., 176 S.W.3d 307, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (excessive demand). Ware argues the excessive demand doctrine does not apply.

Whether or not the excessive demand doctrine applies, the attorney fees awarded must be reasonable and necessary. A party seeking to recover attorney fees carries the burden of proof. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). Even when the testimony on fees is not contradicted by any other witness, the fees sought may be unreasonable. *See id*. at 547-48. In *Tam Trust*, the jury awarded $65,000 in damages, approximately one-third of the damages sought by the plaintiff, but failed to award any attorney fees. *Id*. at 546.

The trial court granted JNOV on the attorney fees and awarded $7,500 instead. *Id.* at 546-47. The appeals court vacated the attorney fees award and rendered judgment for $47,438.75 in attorney fees. *Id.* at 547. Relying on two earlier cases, the Supreme Court found the fee awarded by the appeals court to be unreasonable and stated that the factfinder had to consider, among other things, the amount of money involved and the results obtained. *Id.* at 548 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) and *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990)).

In this case, the jury awarded $7,833.01 in damages. Ware does not contest the jury's determination of the value of the claim. Ware asks for $133,947.00 in attorney fees. While acknowledging he signed a contingency fee agreement with his attorney, Ware nonetheless argues he is free to pursue an award of attorney fees based either on the contingency fee agreement or on what he calls a "*per diem*" basis.

In *Tam Trust*, the Texas Supreme Court cited *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), which held that "'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award" and "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Tam Trust*, 296 S.W.3d at 548 (quoting *Farrar*, 506 U.S. at

6

114 (citations omitted)). Although the amount of the fees requested by Ware was reflected on time sheets and affidavits, the trial court determined the amount requested was unnecessary in view of the circumstances of the case, and unreasonable. *See Tam Trust*, 296 S.W.3d at 548.

An appellate court reviews a trial court's award of attorney fees for abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). An appellate court may conclude a trial court abuses its discretion if a trial court's decision is arbitrary, unreasonable, and without reference to guiding principles, or if the court rules without supporting evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). A trial court's determination that claimed hours or fees are excessive, duplicative, or unreasonable is given considerable deference. *See generally E1 Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 758-64 (Tex. 2012).

The trial court heard the testimony along with the jury. When confronted with conflicting evidence, a factfinder sometimes rationally may choose to believe one witness and disbelieve another, may resolve inconsistencies in the testimony of any witness, or may reject expert testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819-20 (Tex. 2005). The trial court in this case considered the evidence and resolved the conflicts against Ware. The trial court found that Ware's claim for attorney fees was excessive and unreasonable, and largely unnecessary.

Under the circumstances, we see no abuse of discretion by the trial court. We cannot conclude on this record that Ware is entitled to the judgment he requests on appeal.

COURT COSTS

Ware argues the court costs award fails to include additional necessary items, including costs of deposition transcripts and mediation fees. Rule 131 of the Texas Rules of Civil Procedure states, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. Rule 141 states, "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." Tex. R. Civ. P. 141.

The allocation of court costs under Rule 141 is a matter for the trial court's discretion and will not be overturned on appeal unless the trial court abused its discretion. *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex. 1985). Good cause is determined on a case-by-case basis. *Id*. When the prevailing party unnecessarily prolongs the proceedings, unreasonably increases costs, or does something that should be penalized, good cause may exist to "adjudge the costs otherwise" under Rule 141. *See Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 377 (Tex. 2001). The trial court's findings in this case demonstrate good

8

cause to adjudge court costs differently than that sought by Ware. We see no abuse

of discretion by the trial court. The trial court's judgment is affirmed.[1]

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on December 13, 2012
Opinion Delivered May 9, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.

---

[1]Because we affirm the judgment, we need not address the issues raised in the conditional cross-appeal.