Dan GOODWIN and Valerie Goodwin, as Legal Representatives of the Estate of Hillary Goodwin, Petitioners,

v.

SECRETARY OF DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–3696V.

United States Court of Federal Claims.

Oct. 30, 1992.

As Amended Nov. 18, 1992.

Steve T. Hastings, Corpus Christi, Tex., for petitioners. Allison & Huerta, of counsel.

Belle A. Kronisch, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER

NETTESHEIM, Judge.

This matter is before the court on petitioners' motion for review of an order denying compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1—300aa–34 (1988), *as amended* by several public laws, codified in 42 U.S.C.A. §§ 300aa–1—300aa–34 (West Supp.1992) (the "Vaccine Act" or the "Act"). Petitioners contend that the special master erred in dismissing the case under 42 U.S.C. § 300aa–11(a)(5)(A) because they obtained an award of costs upon dismissal of a pending state action for damages from a vaccine-related injury. Argument is deemed unnecessary.

## FACTS

The following facts are undisputed. On June 30, 1981, Hillary Goodwin received a DPT (Diphtheria, Pertussis, Tetanus) vaccination that allegedly caused her to experience a residual seizure disorder and die on April 20, 1989. Her parents, Dan and Valerie Goodwin ("petitioners"), filed a civil

**2**

action in state court on May 4, 1988, against the vaccine manufacturer and the vaccine administrator. *Dan Goodwin & Valerie Goodwin v. Alan L. Blaine, et al.,* No. 88–2462–B (D.Ct.Tex., filed May 4, 1988). Petitioners obtained an order of voluntary dismissal on September 18, 1990. On October 1, 1990, petitioners filed an action in the Claims Court seeking to recover under the Vaccine Act for the death of their daughter Hillary.

After reviewing the petition, the special master noted a jurisdictional deficiency in the petition regarding the nature of the dismissal of the state action. Petitioners' prior civil action was dismissed without prejudice, but the order that petitioners had submitted to the judge required defendants to pay the costs of the action.[1] In the view of the special master, a dismissal without prejudice, but with costs, was contrary to the jurisdictional requirements of section 300aa–11(a)(5)(A) of the Vaccine Act, which provides:

A plaintiff who on the effective date of this subpart has pending a civil action for damages for a vaccine-related injury or death *may*, at any time within 2 years after the effective date of this subpart or before judgment, whichever occurs first, *petition to have such action dismissed without prejudice or costs* and file a petition under subsection (b) of this section for such injury or death.

(Emphasis added.)

The special master held a telephonic status conference regarding this suspected deficiency on April 15, 1992. The special master then issued an order to show cause why the petition should not be dismissed. Petitioners responded that their original dismissal was intended to allow them to proceed under the Vaccine Act. After the special master questioned this dismissal, they sought to amend the dismissal for clerical mistakes under the Texas Rules of Civil Procedure. The state court judge

amended his order of dismissal *nunc pro tunc* on June 25, 1992, to reflect that the dismissal was "without prejudice or costs." Petitioners also argued that although they were awarded costs in the state action, these costs were never collected from defendants.

Respondent countered that the Vaccine Act bars actions that resulted in awards of costs. Respondent also argued that the award of costs was not a clerical, but a legal, mistake.

The special master found the language of section 300aa–11(a)(5)(A) clear on its face, requiring that prior actions be dismissed without costs. The special master rejected petitioners' attempt to amend the dismissal order, holding that the mistake was not clerical, but legal, "occurring through failure to comply with the statutory language of section 11(a)(5)(A)." Considering the award of costs fatal to jurisdiction, Special Master Richard B. Abell entered an order dismissing the action. *Goodwin v. Secretary of DHHS*, No. 90–3696V, 1992 WL 170690 (Cl.Ct.Spec.Mstr. July 2, 1992).

## DISCUSSION

On review of a decision by a special master, the Claims Court is authorized to "set aside any findings of fact or conclusion[s] of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law." 42 U.S.C.A. § 300aa–12(e)(2)(B).

Petitioners seek review of the special master's conclusion that the dismissal of the state action with costs deprived the Claims Court of jurisdiction under 42 U.S.C.A. § 300aa–11(a)(5)(A). In attempting to set aside this legal ruling, petitioners must demonstrate that it was legally incorrect.

---

1. The dismissal order states:

It is, therefore, ORDERED that the above styled and numbered cause of action should be dismissed at the time of filing, without prejudice, on the day and time that the petition for compensation is filed, but in no event later than October 1, 1990; and *all costs of court incurred in the prosecution thereof are taxed against the Defendants,* for which let execution issue unless the same be timely paid.
(Emphasis added).

Petitioners argue that their conduct in this action was consistent with the purpose of the Vaccine Act. The general purpose of the Act—providing an alternative to civil tort suits as a means of compensating victims of vaccine-related injuries—should govern any interpretation of the Act. The special master's restrictive reading of section 300aa–11(a)(5)(A), petitioners argue, ignored the circumstances attending the underlying dismissal and the Act's other provisions addressing dismissal of civil actions. Petitioners cite section 300aa–11(a)(7), which prohibits a petitioner from maintaining a claim under the Act if he has recovered "damages" in another civil suit prior to bringing an action under the Vaccine Act. They contend that an award of costs is not the same as an award of damages and thus should not serve as a bar under section 300aa–11(a)(7).[2] In addition, since the costs were never collected by petitioners, there is no danger of double recovery, which sections 300aa–11(a)(5) and (7) were meant to prevent. It is the collection of costs, not the award, which should guide the court's interpretation of the Act, in petitioners' view. Finally, since the judge had amended the state court's dismissal *nunc pro tunc* prior to the special master's decision, petitioners argue that any prior infirmity was corrected in time to save their action.

Respondent upholds the action of the special master in dismissing the case as proper and consistent with the plain language of the Act and well grounded in the facts of the case. The statutory language does not discuss the collection or receipt of costs; it simply requires that a prior civil action be dismissed without costs. The narrow waiver of sovereign immunity granted by the Act requires strict adherence to the plain meaning of the statutory language. Respondent also claims that any assertion that the dismissal was correctable *nunc pro tunc* fails because jurisdiction is determined at the time of filing.

According to respondent, the special master was correct in finding that such a jurisdictional defect could not be corrected after the fact.

■ 1. Statutory construction is a necessary task of the judiciary, but one which carries many inherent difficulties. While judges must be cautious not to substitute their judgment and will for that of the legislature, they must also take care not to make the overall goal of the statute a slave to its wording. Such a tension exists in the present case.

■ Statutory construction begins with the language of the statute, *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991) (citing *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)), with the assumption that the language's ordinary connotation accurately reflects congressional intent. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194, 105 S.Ct. 658, 661, 83 L.Ed.2d 582 (1985); *Neptune Mut. Ass'n of Bermuda v. United States*, 13 Cl.Ct. 309, 312 (1987), *aff'd in part and vacated in part on other grounds*, 862 F.2d 1546 (Fed.Cir.1988). Where a statute's language is unambiguous, its plain meaning is conclusive and judicial inquiry halts at that point, *Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 542 (Fed.Cir.1988) (citing cases), or, put another way, "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. G.T.E. Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). If a literal reading of the statute would "'compel an odd result,'" however, a court must determine legislative intent from other evidence, such as the circumstances surrounding enact-

---

**2.** Section 300aa–11(a)(7) provides:

If in a civil action brought against a vaccine administrator or manufacturer for a vaccine-related injury or death damages are awarded under a judgment of a court or a settlement of

such action, the person who brought such action may not file a petition under subsection (b) of this section for such injury or death.

ment. *Public Citizen v. Dept. of Justice,* 491 U.S. 440, 454, 109 S.Ct. 2558, 2566, 105 L.Ed.2d 377 (1989) (quoting *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 509, 109 S.Ct. 1981, 1984, 104 L.Ed.2d 557 (1989)).

Viewing a statute in its context was approved by the Supreme Court in *Public Citizen v. Department of Justice,* 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989). The Court wrote:

"[F]requently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or. of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act."

491 U.S. at 454, 109 S.Ct. at 2566 (quoting *Church of the Holy Trinity v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892)). Similarly, the Court cautioned against a rigid adherence to the confines of a statute's text:

Looking beyond the naked text for guidance is perfectly proper when the result it apparently decrees is difficult to fathom or where it seems inconsistent with Congress' intention, since the plain-meaning rule is "rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists...."

*Id.* 491 U.S. at 455, 109 S.Ct. at 2566 (quoting *Boston Sand & Gravel, Co. v. United States,* 278 U.S. 41, 48, 49 S.Ct. 52, 54, 73 L.Ed. 170 (1928)).

While it is true that the language of the Vaccine Act requires that a petitioner seek to dismiss a previous action "without prejudice or costs" before bringing suit under the Act, it is hard to conceive that Congress contemplated a case such as the one at hand in which the state action was dismissed without prejudice, but with costs. It is unlikely that Congress intended to address such a case because this type of

dismissal is not recognized by any jurisdiction in the United States, including the one in which it was obtained.

Rule 131 of the Texas Rules of Civil Procedure provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Vernon's Ann. Tex. R.Civ.P. 131 (West 1992).[3] In a dismissal there is no successful party. Therefore, Rule 131 could not have authorized the award of costs.

■ Dismissals or non-suits are governed by Tex.R.Civ.P. 162, which authorizes the clerk of the court to "tax court costs against [the] dismissing party unless otherwise ordered by the court." This rule, however, does not authorize the taxing of costs against the non-dismissing party. The only Texas rule that could justify a dismissal without prejudice, but with costs, is Rule 141, which allows a judge to assess costs "otherwise than as provided by law or these rules," but only "for good cause, to be stated on the record." There is no evidence that such cause was stated on the record below. The subsequent correction of the dismissal suggests that the original dismissal was not grounded in any procedural rule. Even though the form of dismissal was a product of petitioners' error, the type of dismissal did not exist under state law, and Congress cannot be presumed to carry forward a meaningless act.

The requirements of sections 300aa–11(a)(5) and 11(a)(7) were intended to prevent duplicitous litigation and any type of double recovery in connection with prior litigation. Given the extraordinarily remote possibility that Congress sought to provide for a type of dismissal that is not recognized, the special master's interpretation of the Vaccine Act is erroneous as a matter of law. This conclusion is consistent with the jurisprudence that has evolved concerning statutory construction, since holding that Congress intended allow such an irregular dismissal to act as a

---

**3.** The record on review does not contain the relevant state laws. However, they are matters of law and public record of which the court can

take judicial notice. *See* Fed.R.Evid. 201, 28 U.S.C. (1988), Advisory Comm. Note.

jurisdictional bar is to allow the text of the Act to rule its spirit and intent. The court declines to so rule.

2. While section 300aa–11(a)(5)(A) does place requirements on parties seeking compensation under the Vaccine Act, it cannot be read in isolation. Section 300aa–11(a)(5)(A) establishes a jurisdictional requirement by forcing petitioners to dismiss prior civil actions without prejudice or costs before proceeding under the Act. It is not, however, the only provision affecting jurisdiction. Section 300aa–11(a)(7) contains language directly addressing the case at hand. This provision prohibits petitioners from bringing actions under the Act if in a prior civil action for vaccine related injury or death, "*damages* are awarded under a judgment of a court or a settlement of such action...." (Emphasis added.)

Notably absent from the restrictive language of section 300aa–11(a)(7) is any mention of "costs." The provision states that a petitioner who is awarded "damages" for a vaccine related injury cannot file a petition under the Vaccine Act. Section 300aa–11(a)(5)(A), on the other hand, is permissive in nature, setting conditions for inclusion in the Act, rather than exclusion.

The inclusion of "costs" in the requirements of section 300aa–11(a)(5)(A) and the absence of the same in section 300aa–11(a)(7) are not contradictory. While the provisions appear somewhat inconsistent, they serve to emphasize the type of claimants Congress clearly intended to exclude from the Act: those who obtained any type of double recovery. Petitioners do not fall into this category. The award of costs was a legal nullity. The state court itself had no jurisdiction to award costs in favor of a plaintiff taking a voluntary dismissal.[4] The state court's correction of the prior dismissal *nunc pro tunc* voided its prior award due to lack of jurisdiction; therefore, no jurisdictional impediment existed at the time petitioners filed their action in the Claims Court.

---

4. The court rejects petitioners' argument that their failure to collect on the award is material.

## CONCLUSION

Based on the foregoing, the decision of the special master dismissing the action is set aside, and the action is remanded to the special master for consideration of petitioners' claim on the merits.

IT IS SO ORDERED.

Costs on review.

It is the absence of authority for an award of costs upon a voluntary dismissal that is decisive.