# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-051V
Filed: May 30, 2013

***************************************    TO BE PUBLISHED

BRETT ALLEN,    *

    *    **Special Master Zane**

    *

    Petitioner,    *

    *

v.    *    Interim attorneys' fees and costs;

    *    Withdrawal of counsel; Protracted

SECRETARY OF HEALTH    *    proceedings; Undue hardship

AND HUMAN SERVICES,    *

    *

    Respondent.    *

    *

***************************************

*Lisa A. Roquemore*, Law Offices of Lisa A. Roquemore, Irvine, CA, for Petitioner.
*Jennifer Leigh Reynaud*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

Pending before the undersigned is Petitioner's Application for Interim Fees and Costs, to which Respondent objects. As explained below, upon consideration of the record as a whole, the application is GRANTED as to the amounts to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. Absent a timely motion to redact, the decision will be made available to the public in its entirety. If the Special Master, upon review of a timely-filed motion, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

## I.   BACKGROUND

### A.   Initial Filing and Submission of Medical Records

On January 20, 2011, Brett Allen ("Petitioner"), *pro se*, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1, *et seq.*, as amended ("Vaccine Act").[2]   Petitioner alleges she suffered "severe and debilitating headaches, extreme fatigue, muscular and skeletal pain, dizziness, and nausea" as a result of the Human Papillomavirus ("HPV") vaccination she received on January 23, 2008.  Petition ¶¶ 1 and 2. Petitioner also claims, in the alternative, that the HPV vaccine significantly aggravated an underlying condition which resulted in chronic headaches that have continued for years. Amended Petition, fn.5.

For six (6) months following the filing of the petition, Petitioner was *pro se*.  During that time, Petitioner attempted to obtain and file the pertinent medical records and other documentation as required by the Vaccine Act.   On June 8, 2011, Petitioner's former counsel, Mr. Ronald Homer, entered his appearance and began the task of collecting and filing outstanding, pertinent medical records.  Respondent filed her Rule 4 report nearly a year later, on April 9, 2012.

Following the filing of the Rule 4 report and a status conference to discuss proceeding, in May 2012, Petitioner was ordered to file outstanding records and an expert report.  Petitioner did file additional records in August 2012.  Petitioner was then ordered to file an expert report in approximately 60 days, on or before October 16, 2012.

### B.   Petitioner's Former Counsel's Motion to Withdraw and Application for Interim Fees and Costs

Rather than file an expert report, on October 16, 2012, Petitioner's former counsel filed an unopposed motion for an extension of time to file Petitioner's expert report.  Petitioner explained that she was searching for alternate counsel and requested additional time to complete that search.  That request was granted as well as two additional requests made subsequently.

Finally, in January 2013, a status conference was conducted with Petitioner, Petitioner's former counsel and Respondent's counsel.  Discussed at the conference was former counsel's prospective request to withdraw.  Petitioner stated that she was still trying to retain a new attorney and requested additional time to do so.  Petitioner also represented that she did not oppose the withdrawal of counsel, Mr. Homer, or the payment of fees to him from the program. The matter was continued until April 19, 2013 for a status conference.

On April 2, 2013, Petitioner's former counsel filed his Application for Interim Fees and Costs ("Application for Interim Fees").  On May 1, 2013, Respondent filed her objection to the Petitioner's Application for Interim Fees ("R's Objection to Interim Fees").  On May 6, 2013,

---

[2] Part 2 of the Vaccine Act established the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through § 300aa-34 (2006) ("Vaccine Program").

Petitioner filed a reply to the Respondent's Objection ("P's Reply"). Counsel for Petitioner was substituted on May 9, 2013.[3] P's Application for Interim Fees is now ready for decision.[4]

## II.   APPLICABLE LEGAL STANDARDS

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). This provision permits an award of fees even when a petitioner does not prevail. *Id.* In so doing, this provision ensures the existence of a competent bar willing to represent those potentially injured by vaccinations. *Saunders v. Sec'y of Health & Human Servs.,* 25 F.3d 1031, 1035-36 (Fed. Cir. 1994) (a secondary purpose of the Vaccine Act, to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act, is effected by permitting the award of attorneys' fees and costs both to prevailing and non-prevailing claimants).

When compensation is not awarded, reasonable fees can still be awarded as long as it is shown that the petition was filed in good faith and there was a reasonable basis for it. 42 U.S.C. § 300aa-15(e)(1); *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1375 (Fed. Cir. 2010). Good faith requires only a subjective belief that a vaccine claim exists. A presumption of good faith is afforded petitioners in Vaccine Act cases. *See Grice v. Sec'y of Health & Human Servs.,* 36 Fed. Cl. 114, 121 (1996).

The Vaccine Act does not define what constitutes a reasonable basis, but case law provides guidance. In contrast to the subjective standard relating to the good faith requirement, the reasonable basis requirement is "objective, looking not at the likelihood of success of a claim but more to the feasibility of the claim." *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed. Cl. 297, 303 (2011) (citing *DiRoma v. Sec'y of Health & Human Servs.*, No. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). A determination of reasonableness is appropriate at the various stages of the proceeding, and such determination is informed by looking to the totality of the circumstances. *McKellar,* 101 Fed. Cl. at 303. Although a claim may have had a reasonable basis at the time of its filing, the reasonableness of further pursuing the claim may come into question when new evidence becomes available or the lack of supporting evidence becomes apparent. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl.

---

[3] During the period between Mr. Homer's initial request to withdraw and the appointment of new counsel, the Application for Interim Fees was stayed until it was determined whether new counsel would appear or, if not, the matter would be resolved through a ruling on the record, which would have resulted in the Application for Interim Fees being converted to an Application for Final Fees. On May 9, 2013, Petitioner's current counsel moved to substitute as attorney, which was granted, resolving the issue of whether the application would be for interim versus final fees.

[4] Petitioner referred to this award as an award of "final" fees referencing the fact that this would be his final request for fees as her former counsel. P's Reply. But, a request for final fees refers to a request made at or after the case is final. *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1352 (Fed. Cir. 2008). A final request for fees from former counsel does not transform an interim fee request into a final fees' request when the case remains ongoing. *See generally Avera*, 515 F.3d at 1352; *Bradley v. School Board of Richmond¸* 416 U.S. 696, 723 (1974) (interim construed as an award before the entire litigation is concluded).

29, 33 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

As to the timing of an award of fees, in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008), the United States Court of Appeals for the Federal Circuit explicitly recognized that the Vaccine Act permitted the award of attorneys' fees and costs on an interim basis. Following *Avera*, the Federal Circuit has clarified that an interim fee award may be made prior to a decision on entitlement. *Shaw,* 609 F.3d at 1374-75 ("A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis.") (quoting *Avera* 515 F.3d at 1352).

In *Avera,* the Federal Circuit provided examples of circumstances where an interim fee award may be appropriate, such as when the case involved protracted legal proceedings, when costly experts had been retained, or when there was undue hardship. *Avera,* 515 F.3d at 1352; *see also McKellar*, 101 Fed. Cl. at 301 ("some special showing is necessary to warrant interim fees, including but not limited to delineated [*Avera*] factors . . . . "); Vaccine Rule 13(b). Since *Avera*, other cases have clarified that an award of interim fees is in the special master's discretion and that there are various circumstances under which an interim award is appropriate. *See Crutchfield v. Sec'y of Health & Human Serv.,* No. 09-39V, 2011 WL 3806351, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 4, 2011)(listing cases). One circumstance that has been recognized as appropriate for an award of interim fees is where a petitioner's attorney is withdrawing. *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 154 (2012).

Once it is established that an award of fees is appropriate, then the appropriate amount of fees, the "reasonable attorneys' fees," must be determined. 42 U.S.C. § 300aa-15. The determination of the amount of reasonable attorneys' fees is also in the special master's discretion. *Shaw,* 609 F.3d at 1377, *citing Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). In cases where there is no dispute as to the amount of fees claimed, Special Masters have awarded a petitioner's counsel that undisputed amount generally. *See e.g., Shaw,* 609 F.3d at 1377.

## III.  DISCUSSION

As explained below, Petitioner has satisfied the requirements for an award of interim fees.

### A.  Petitioner Has Acted in Good Faith and Has Established A Reasonable Basis for the Claim to this Point.

A review of the record as a whole indicates that the claim was brought in good faith and there was a reasonable basis for it at the time of filing and up to the time of Petitioner's former counsel's withdrawal. With regard to good faith, it is clear that Petitioner has a subjective belief that the vaccination caused her injury. Respondent has not challenged the presumption of good faith here, and the undersigned is satisfied that Petitioner filed this claim earnestly believing that she suffered a vaccine-related injury.

As to reasonable basis, the evidence indicates that Petitioner had a reasonable basis for filing the claim and for pursuing it to the point of withdrawal. Although Petitioner has yet to file an expert report, the medical records indicate that following the HPV vaccination, Petitioner experienced headaches and muscle spasms for some period of time. Petitioner's Exhibit 32 at 1. Petitioner's former counsel had a basis for investigating the claim and gathering medical records in an effort to determine whether he could proceed with the claim. Thus, a reasonable basis existed up to the time he withdrew.[5]

## B. **An Interim Fee Award is Appropriate Here.**

Respondent objects to Petitioner's application for interim attorneys' fees, arguing that the express terms of 42 U.S.C. § 300aa-15(e)(1) require that attorneys' fees and costs are to be awarded "as part of such compensation." Respondent believes that there is nothing in the statute which authorizes attorneys' fees and costs to be awarded on an "interim" basis, prior to either an award of compensation or entry of judgment denying compensation. This argument was rejected by the Federal Circuit, which determined that interim fees may be awarded prior to a decision of entitlement. *Shaw,* 609 F.3d at 1732. Accordingly, an interim fee award at this stage, where no decision on entitlement has yet been entered, is permissible.

Because interim fees can be awarded at this stage, it must now be determined whether it is appropriate to award interim fees in this case. In *Avera*, the court provided three examples of circumstances where an interim fee award may be appropriate, *e.g.,* when the case involves protracted legal proceedings, when costly experts had been retained, or when there is undue hardship. *Avera*, 515 F.3d 1343, 1352 (Fed. Cir. 2010). Here, at least two of the circumstances recognized in *Avera*, are present.[6]

### 1. **Protracted Proceedings**

First, an award of interim fees is appropriate because these proceedings are protracted. These proceedings have been ongoing for over two (2) years. While former counsel, Mr. Homer, did much to move the case forward, at the time Petitioner moved to substitute, the case had progressed only to the point where expert reports were scheduled to be filed. And although it is uncertain at present whether this case will be litigated or settled, irrespective of the manner in which it proceeds, it is unlikely to be resolved in less than several months or a year. Given the length of time this action has already been pending and the length of time it is anticipated to remain pending, these proceedings are clearly protracted.

---

[5] Undersigned concludes that a reasonable basis exists up to the point of Petitioner's former counsel's withdrawal only. Reasonable basis must exist at each stage of the case. *Perreira,* 33 F.3d at 1377. Additionally, a reasonable basis that was sufficient to bring a claim may cease to exist. In that instance, fees may not be awarded for work done after that time. *Id.* Petitioner's former counsel stated that the basis for his withdrawal was that he was unable to obtain an expert medical opinion. Whether a reasonable basis exists beyond this point cannot be decided based on the record at present, and this decision should not be construed as making any such decision.
[6] In *McKellar,* 101 Fed. Cl. at 30, the Court recognized that factors other than those enumerated in *Avera* could be the basis for an award of interim fees.

### 2. Undue Hardship

Additionally, there will be a significant undue hardship suffered, within the meaning of *Avera*, if Petitioner is forced to wait until Petitioner's claim is resolved before her former counsel is paid his fees. In *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 154 (2012), the Court recognized that once counsel has withdrawn from a case, there is a hardship that warrants payment of interim fees. That hardship exists because former counsel is unable to make any future filings and is limited ethically from further participation. As such, former counsel may find it difficult to keep apprised of the progress of the case and may not be able to anticipate when he will be paid. *Woods,* 105 Fed. Cl. at 154. Here, as in *Woods,* it is a hardship for Petitioner to have her former counsel not be paid for his vigorous and diligent representation for a lengthy period of time after he no longer represents Petitioner.

The circumstances recognized in *Avera* as justifying an interim fee award--protracted proceedings and undue hardship—are present here. Thus, interim fees are appropriate and may be awarded prior to a decision of entitlement. Payment of interim fees is justified.

### C. <u>The Amounts Requested Are Reasonable</u>.

Having determined that Petitioner's former counsel is entitled to fees, the amount that is reasonable must be determined. Respondent does not object to an award of $18,500.00. Respondent's Objection at 3.[7] The undersigned finds that the amount of $18,500.00 in attorneys' fees and costs, to which there is no objection, is reasonable based on this stage of the proceedings. Based on the request's reasonableness, the undersigned **<u>GRANTS</u>** the Petitioner's request for an award of interim fees incurred by her former counsel.

---

[7] In the initial request for interim fees and costs, Petitioner also represented that she personally had incurred costs of $571.50. In her response, Respondent did not address the payment of this amount on an interim basis. Instead, Respondent's position regarding the amount to be paid was that she did not object to an award of $18,500.00 for all fees and costs for Petitioner's former counsel. Petitioner limited the subject of her reply to the award of fees and costs to her former counsel and did not present arguments either in her Application or in the Reply that demonstrate that the circumstances under which interim fees and costs awards are appropriate exist as to Petitioner's personal costs. As such, it appears that Petitioner is not pursuing her request for payment of her personal costs on an interim basis and, thus, such request is **denied** without prejudice. Certainly, should Petitioner wish to pursue such a request, she may do so by making a renewed application for payment of such individual costs on an interim basis through her current counsel. Alternatively, she may wait until the close of the case and apply for reimbursement of such costs at that time.

## IV.    CONCLUSION

For the reasons explained above, the undersigned finds that an award of interim attorneys' fees and costs to Petitioner's former counsel, Mr. Homer, is appropriate in this case. The decision shall reflect that Petitioner is awarded attorneys' fees and costs on an interim basis as follows:

**in a check made payable jointly to Petitioner (Brett Allen) and Petitioner's former counsel (Ronald Homer of the law firm Conway, Homer & Chin-Caplan, P.C.), the amount of $18,500.00.  The interim award check shall be mailed directly to Ronald Homer, Esquire, Conway, Homer & Chin & Caplan, P.C., 16 Shawmut Street Boston, MA 02116.**

**IT IS SO ORDERED.**

<u>s/ Daria Zane</u>
Daria J. Zane
Special Master